FIDELITY AND CASUALTY COMPANY OF NEW YORK v.
ROSE L. DARROW, ADMINISTRATRIX (ESTATE OF
JAMES J. DARROW)

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

170

Argued April 8—decided May 5, 1971

*Joseph F. Skelley, Jr.,* with whom, on the brief, were *Richard A. Walsh* and *William M. Shaughnessy,* for the plaintiff.

*Bernard D. Gaffney,* with whom, on the brief, was *D. Stephen Gaffney,* for the defendant.

RYAN, J. This action seeking a declaratory judgment was reserved for the advice of this court on a stipulation of facts. The basic question to be determined is whether the "other insurance" clause of an insured's own uninsured motorist protection provision of the policy barred his recovery thereunder because the administratrix of the insured, killed while a passenger in an automobile not owned by him through the negligence of an uninsured motorist, has received a limited or proportional payment under the uninsured motorist protection provision of the policy insuring the automobile in which he was a passenger, when the limits of the latter

policy and the insured's own policy are the same. The parties have stipulated to the following facts: James J. Darrow, the defendant's decedent, who was twenty-seven years old, was killed on August 17, 1968, in Plymouth, Vermont, when the automobile in which he was riding as a passenger with three companions was struck head on by another automobile. The car in which Darrow was riding was owned and operated by James L. Scarrozzo of New Britain. Scarrozzo was also killed instantly and two other passengers were seriously injured. The automobile which struck the Scarrozzo vehicle was owned and operated by Gregory Ellison of Chester Depot, Vermont. Ellison's operation of his automobile was the sole proximate cause of the accident. Ellison was an uninsured motorist within the meaning of all the policies hereinafter referred to. Scarrozzo carried uninsured motorist coverage on his automobile with the Hardware Dealer's Mutual Fire Insurance Company. The policy limit for uninsured motorist coverage on this policy was $20,000. The Hardware Dealer's Mutual Fire Insurance Company paid a total amount of $20,000 proportionately to the defendant and the three other occupants. The defendant claims that the damages suffered by the defendant's decedent exceed the proportional sum she received. The defendant's decedent carried uninsured motorist coverage on his own automobile with the plaintiff-insurer, the policy limit of which is also $20,000. This policy provides that claims under the uninsured motorist clause shall be submitted to arbitration if the plaintiff and the injured party cannot agree on the amount of payment to the injured party. The defendant instituted a claim to be submitted to arbitration.

With respect to uninsured motorist coverage the policy issued by the plaintiff to the defendant's decedent provides in part as follows: "7. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The plaintiff claims that paragraph 7 of the policy above quoted excludes coverage under the uninsured motorist provision of the policy issued by it in the factual situation herein set forth. The defendant claims that her decedent was covered under the terms of the policy and that the defendant should be allowed to proceed with the claim submitted to arbitration. The question upon which advice is desired is as follows: "Does paragraph 7 of the policy issued by the plaintiff exclude coverage in the situation herein presented?"

The parties have stipulated further that the answer to this question will determine, or is reasonably

certain to enter into the determination of, the case; and the present determination of this question will be in the interest of simplicity, directness and economy of judicial action because it will allow the defendant to proceed with her claim in arbitration and thus seek compensation for the damages suffered or it will terminate any remedies available to the defendant and thus end all litigation and arbitration in this matter.

The plaintiff claims that a party cannot be compelled to arbitrate a dispute unless it has contracted so to do. We so held in *Frager* v. *Pennsylvania General Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531. It also claims: (1) That the policy provisions when read together with the applicable statutes show clearly that there can be no "stacking" of uninsured motorist coverages; (2) that to allow the defendant to recover against the plaintiff would permit her to recover a greater amount than if the uninsured operator had coverage in the minimum statutory amount; and (3) that to interpret the policy as the defendant urges would, in effect, rewrite the policy and give the defendant's decedent more coverage than he purchased.

We have not had prior occasion to determine the issues involved in the present controversy. The courts of other states have taken divergent views dependent in a large measure on the varying statutory provisions of the several states. The courts of some states have adopted the position of the plaintiff and have held that the design and purpose of the uninsured motorist statutes are to provide protection only up to the minimum statutory limits for bodily injuries, and not to provide the insured with greater insurance protection than would have been available had he been injured by an insured motorist, and

have held that such "other insurance" provisions are valid where they do not reduce coverage below the minimum statutory limit. See note, 28 A.L.R.3d 551, 556 § 3, and cases cited.

On the other hand, many courts have held, as claimed by the defendant in this case, that "other insurance" provisions, whether in the form of a "pro rata," "excess insurance," "excess-escape," or other similar clause, are invalid as a part of uninsured motorist protection, on the ground that the statute requiring every liability policy to provide this type of protection will not permit the insurer to provide in any way that the coverage will not apply where other insurance is also "available," despite the fact that the insured may thus be put in a better position than he would be in if the other motorist were properly insured.

The question of whether an "other insurance" clause is valid was raised in Florida where the court ruled that an insurer could not, after accepting a premium for uninsured motorist coverage, deny coverage on the ground that the insured had other similar insurance available to him. It appeared to the court that the statute expressed the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it has paid out, to the exclusion of inconsistent language inserted in the uninsured motorist endorsement itself. There appeared to be no latitude in the statute, the court said, for an insurer to limit its liability through such "other insurance" clauses, and if the statute was to be meaningful and controlling in respect to the nature and extent of the coverage, the sources of recovery or the subrogation of the insurer, all inconsistent clauses in the policies must be judi-

cially rejected. *Sellers* v. *United States Fidelity & Guaranty Co.*, 185 So. 2d 689 (Fla.). Georgia held that there was no latitude in the uninsured motorist statute for an insurer to limit its liability to "other insurance," "excess-escape," or "pro rata" clauses, as attempted in such a provision. Such a provision was held void, even though the state insurance commissioner had approved the policy of insurance containing the exclusion. *State Farm Mutual Automobile Ins. Co.* v. *Barnard*, 115 Ga. App. 857, 156 S.E.2d 148. Automobile policy provisions which conflict with the requirements of the uninsured motorist statute will not be effective to reduce the insured's recovery below the amount necessary to indemnify him for loss within the limits of all applicable policies. *Protective Fire & Casualty Co.* v. *Woten*, 186 Neb. 212, 181 N.W.2d 835; see also *Bose* v. *American Family Mutual Ins. Co.*, 186 Neb. 209, 181 N.W.2d 839. An insurer was not permitted to deny coverage on the ground that the insured had other similar insurance available to him under a provision in an uninsured motorist endorsement providing that with respect to bodily injury to an insured while occupying an automobile not owned by the named insured the endorsement should apply only as "excess insurance" over any other similar insurance available, and then only in the amount by which the limit of liability of the endorsement exceeded the sum of all other such limits of liability. The court rested the decision in this case on the language of the relevant statutes, the purpose of which was to protect an insured as to his actual loss, within the minimum coverage limits. The court said that while the statute was not intended to provide an insured with greater coverage than his actual loss, neither was it intended to limit an insured to only one mini-

mum recovery where he is the beneficiary of more than one such endorsement. *Moore* v. *Hartford Fire Ins. Co. Group,* 270 N.C. 532, 155 S.E.2d 128.

In accordance with the established purpose of the uninsured motorist law to provide protection to innocent victims of financially irresponsible drivers, which statute determined the amount of coverage to be afforded in such uninsured motorist endorsements, but nowhere placed the limit on the total amount a victim might recover where he suffers a loss resulting from the negligence of an uninsured motorist, the court rejected an uninsured motorist endorsement "other insurance" clause in the case of *Harleysville Mutual Casualty Co.* v. *Blumling,* 429 Pa. 389, 241 A.2d 112. In *Bryant* v. *State Farm Mutual Automobile Ins. Co.,* 205 Va. 897, 140 S.E.2d 817, an "other insurance" clause was held contrary to the statute requiring automobile liability policies to provide protection against uninsured motorists. The court said that the controlling instrument was the statute which required all automobile liability insurance policies to include an endorsement undertaking to pay the insured "all sums" which he should be legally entitled to recover. The court held that despite its approval by the state insurance commissioner, a provision such as the "other insurance" clause under consideration placed a limitation on the requirement of the statute, conflicting with its plain terms, in that it attempted to reduce the amount payable under the endorsement to an amount below the minimum coverage required by the statute. See also *White* v. *Nationwide Mutual Ins. Co.,* 361 F.2d 785 (4th Cir.) ; *Vernon* v. *Harleysville Mutual Casualty Co.,* 244 S.C. 152, 135 S.E.2d 841. "The actual weight of authority favors the plaintiffs' position that an insured in a state having

an uninsured motorist statute similar to the Indiana statute is entitled to payment in full, up to the policy limit, with respect to each policy under which coverage is afforded, and that 'other insurance' clauses and similar clauses which purport to limit liability, such as clauses providing for a deduction as to amounts paid under medical payments provisions of the policy, are void as being in conflict with the statute." *Simpson* v. *State Farm Mutual Automobile Ins. Co.*, 318 F. Sup. 1152, 1155 (S.D. Ind.).

Under the provisions of the General Statutes the insurance commissioner was required to adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies covering private passenger automobiles registered in this state. "Such regulations shall relate to the insuring agreements, exclusions, conditions and other terms applicable to the bodily injury liability, property damage liability, medical payments and uninsured motorists coverages under such policies and shall make mandatory the inclusion of bodily injury liability, property damage liability and uninsured motorists coverages." General Statutes § 38-175a (a). "Every such policy shall provide insurance in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of Section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or of insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom." § 38-175c. "Policies affording bodily injury liability, property damage liability and uninsured motorist coverages to which the provisions of sec-

tions 38-175a to 38-175e, inclusive, apply shall be deemed to provide insurance under such coverages in accordance with such regulations. Policies affording medical payments coverage to which the provisions of said sections apply shall be deemed to provide insurance under such coverage in accordance with such regulations." § 38-175d.

To implement properly the provisions of the General Statutes, the insurance commissioner adopted a series of regulations establishing minimum provisions to be included in automobile liability insurance policies. These regulations took effect January 1, 1968.

The following regulations are pertinent to the subject matter of the present inquiry: "The provisions herein required need not be stated in the language or form of these regulations, but the coverage afforded shall be of equal or greater benefit to the insured. *Policies affording a coverage to which these regulations apply shall be deemed to afford insurance under such coverage at least equal to that required by these regulations.*" (Emphasis added.) Minimum Provisions for Private Automobile Liability Insurance Policies § 38-175a-3. The following regulations are concerned with the minimum provisions for protection against uninsured motorists. "Sec. 38-175a-6. . . . (a) Coverage. The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured caused by an accident involving the uninsured automobile. This coverage shall insure the occupants of every automobile to which the bodily injury liability coverage applies. 'Uninsured Automobile' includes an automobile in-

sured against liability by an insurer that is or becomes insolvent. . . . (d) Limits of liability. The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of § 14-112 of the general statutes,[1] except that the policy may provide for the reduction of limits to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury, (2) paid or are payable under any workmen's compensation or disability benefits law, or (3) paid under the policy in settlement of a liability claim. The policy may also provide that any direct indemnity for medical expense paid or payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under this coverage shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment." Within their scope the regulations of the insurance commissioner have the force of statutes. See *Citerella* v. *United Illuminating Co.*, 158 Conn. 600, 608, 266 A.2d 382; *Bailey* v. *Bruneau's Truck Service, Inc.*, 149 Conn. 46, 54, 175 A.2d 372; *Hyde* v. *Connecticut Co.*, 122 Conn. 236, 240, 188 A. 266.

The statutes and regulations recited above are clear and unambiguous and by their terms it is required: (1) That every automobile policy shall provide uninsured motorist coverage in accordance with the regulations with limits for injury or death of not less than $20,000. General Statutes § 38-175c. (2) Such policies shall be deemed to provide insur-

---

[1] The minimum coverage required with respect to uninsured motorist coverage for damages by reason of personal injury to, or the death of any one person, or by reason of personal injury, or the death of more than one person on account of any accident, is $20,000.

ance under such coverage in accordance with the regulations. General Statutes § 38-175a. (3) Policies affording a coverage to which these regulations apply shall be deemed to afford insurance under such coverage at least equal to that required by the regulations — namely, $20,000. Regulations of the Insurance Commissioner § 38-175a-3. (4) The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of injuries sustained by the insured caused by an accident involving the uninsured automobile. Regulations of the Insurance Commissioner § 38-175a-6. Neither the statutes nor the regulations authorize any reduction of coverage because of "other insurance." To the contrary, the regulations specifically prohibit the reduction of the limit of liability except as follows: The policy may provide for the reduction of limits to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury; (2) paid or are payable under any workmen's compensation or disability benefits law; (3) paid or payable under the policy in settlement of a liability claim; (4) any direct indemnity for medical expense paid or payable under the policy is also excepted. These are the only reductions of coverage authorized and their recital and enumeration indicate the clear intent of the regulations that no other reductions be permitted. Some courts have held that "other similar insurance available to such insured" as recited in paragraph 7 of the policy means "actually available for the use of the injured party" and that the insurer is liable for the portion of the defendant's damages unpaid by the primary uninsured motorist coverage up to the limit of its

liability. *Safeco Ins. Co. of America* v. *Robey,* 399 F.2d 330, 338 (8th Cir.) ; *Kraft* v. *Allstate Ins. Co.,* 6 Ariz. App. 276, 431 P.2d 917. Such a construction is permissible and reasonable under the regulations of the insurance commissioner as provided in § 38-175a-6 (d) (1) to the extent that damages have been paid by the insurance company by or on behalf of the person responsible for the injury, Gregory Ellison, the uninsured motorist. The remainder of the "other insurance" clause is in conflict with the statutes and the regulations of the insurance commissioner and is void.

We conclude that paragraph 7 of the policy issued by the plaintiff does not exclude coverage in the situation herein presented. The defendant is entitled to coverage up to the statutory minimum of $20,000 less the sum paid to the defendant by the Hardware Dealer's Mutual Fire Insurance Company by virtue of the uninsured motorist coverage on the Scarrozzo automobile.

To the question in the reservation we answer "No."

No costs will be taxed in favor of either party.

In this opinion the other judges concurred.