RICHARD C. PECKER ET AL. *v.* AETNA CASUALTY AND SURETY COMPANY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

*(Two judges dissenting)*

Argued December 5, 1975—decision released August 24, 1976

*Michael D. O'Connell,* with whom, on the brief, was *Robert C. Danaher,* for the appellants (plaintiffs).

*J. Brooks Johnson, Jr.,* for the appellee (defendant).

Longo, J. This appeal is taken by the plaintiffs, Richard C. Pecker and Vernon C. Pecker, from a judgment for the defendant, the Aetna Casualty and Surety Company, hereinafter referred to as Aetna. Judgment was rendered after Aetna had demurred to the plaintiffs' complaint and its motion for judgment on the demurrer was sustained by the trial court. As "[a] demurrer admits all facts well pleaded"; *Covino* v. *Pfeffer,* 160 Conn. 212, 214, 276 A.2d 895; see *State* v. *LaSelva,* 163 Conn. 229, 230–31, 303 A.2d 721; we treat as admitted the following allegations which appear in the plaintiffs'

complaint: On April 30, 1972, the plaintiff Vernon C. Pecker was seriously injured when the motorcycle he was operating was struck by an uninsured motorist. The motorcycle was registered in the name of Lillian D. Pecker, Vernon's mother, and it was insured under a policy issued to her by the Central National Insurance Company of Omaha. At the time of the accident, Vernon was an insured under the family protection coverage provisions of an automobile insurance policy issued to his father, the plaintiff Richard C. Pecker, by Aetna. Both the Central National and the Aetna policy included a provision for uninsured motorist coverage in the amount of $20,000. The plaintiffs submitted claims to Central National under its uninsured motorist provision and, after the claims were compromised because of questions as to coverage, they received $18,000 in settlement. As their damages exceeded that sum, the plaintiffs also submitted claims to Aetna under its uninsured motorist provision, but Aetna denied coverage.

The family protection coverage of the Aetna policy included the following relevant provisions: "Part IV—Family Protection (Damages for Bodily Injury) To pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile . . . . Other Insurance . . . [I]f the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the

Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

When Aetna denied coverage, the plaintiffs brought this action for a declaratory judgment that Aetna is liable within the $20,000 monetary limit of its policy to the extent that their damages exceeded $18,000 and that Aetna must submit to arbitration of the claims. In its demurrer to the plaintiffs' complaint, Aetna claimed that under the "other insurance" clause in its policy the plaintiffs were not entitled to payment from Aetna because primary uninsured motorist coverage up to the statutory minimum of $20,000 was provided by the Central National policy. In ruling on the demurrer, the trial court found that all that is required by state statutes and regulations is that a minimum of $20,000 of uninsured motorist coverage be available to an insured; and it found that, although the plaintiffs had settled their claims for $18,000, the amount "available" from the primary insurer was $20,000. Therefore, the court concluded that the "other insurance" clause in the Aetna policy was valid and the plaintiffs were thereby foreclosed from recovering any payment from Aetna. The court sustained the demurrer and when the plaintiffs failed to plead further, judgment on the demurrer was rendered for Aetna. The plaintiffs appealed to this court and the issues raised by their several assignments of error are considered in the opinion.

The courts of many jurisdictions have considered whether "other insurance" clauses included in unin-

sured motorist coverage provisions are valid. See annot., 28 A.L.R.3d 551. Following an examination of the decisions of the courts of many jurisdictions, the court in *Simpson* v. *State Farm Mutual Automobile Ins. Co.,* 318 F. Sup. 1152, 1155–56 (S.D. Ind.), adopted the so-called majority view that "other insurance" clauses included in uninsured motorist coverage provisions are invalid. The court gave the following reasons for its decision: "(1) Nowhere in any of the statutes . . . does the legislature attempt to fix any maximum limit of recovery; such statutes merely fix minimum requirements. (2) Since the statutes simply provide that each policy of insurance issued must contain uninsured motorist protection in minimum amounts, without qualification except as noted, it follows that any attempt on the part of an insurer to limit the effect of such clauses must be in derogation of the statute. (3) The premium paid with respect to each policy of insurance necessarily includes an amount in payment of the uninsured motorist coverage; it would be unconscionable to permit insurers to collect a premium for a coverage which they are required by statute to provide, and then to avoid payment of a loss because of language of limitation devised by themselves." Id., 1156. Many other courts which have held that "other insurance" clauses are invalid have also made their decision on the basis, at least in part, of the applicable statutes of their respective jurisdictions; see *Sellers* v. *United States Fidelity & Guaranty Co.,* 185 So. 2d 689 (Fla.); *State Farm Mutual Automobile Ins. Co.* v. *Barnard,* 115 Ga. App. 857, 156 S.E.2d 148; *Moore* v. *Hartford Fire Ins. Co. Group,* 270 N.C. 532, 155 S.E.2d 128; *Harleysville Mutual Casualty Co.* v. *Blumling,* 429 Pa. 389, 241 A.2d 112;

*Vernon* v. *Harleysville Mutual Casualty Co.*, 244 S.C. 152, 135 S.E.2d 841; *Bryant* v. *State Farm Mutual Automobile Ins. Co.*, 205 Va. 897, 140 S.E.2d 817; and, of the courts which have held such "other insurance" clauses to be valid, at least one court found itself required to do so by the express provision of statutes of the jurisdiction. See *Kirby* v. *Ohio Casualty Ins. Co.*, 232 Cal. App. 2d 9, 13, 42 Cal. Rptr. 509.

The applicable statutes and regulations of this state are as follows: Under § 38-175a of the General Statutes, the insurance commissioner "shall adopt regulations with respect to minimum provisions to be included in automobile liability insurance policies," and those regulations "shall relate to the insuring agreements, exclusions, conditions and other terms applicable to . . . uninsured motorists coverages under such policies" and "shall make mandatory the inclusion of . . . uninsured motorists coverages." Every automobile liability policy is to provide uninsured motorist coverage in accordance with those regulations, with limits for bodily injury or death not less than $20,000. General Statutes § 38-175c.[1] Such policies are deemed

---

[1] "[General Statutes] Sec. 38-175c. UNINSURED MOTORIST COVERAGE. Every such policy shall provide insurance in accordance with such regulations, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles or of insured motor vehicles, the insurer of which becomes insolvent prior to payment of such damages, because of bodily injury, including death resulting therefrom, provided each insurer licensed to write automobile liability insurance in this state shall provide such unin-

to provide coverage in accordance with the regulations. General Statutes § 38-175d.[2]

The regulations subsequently adopted by the insurance commissioner to implement the statutory provisions concerning uninsured motorist coverage have the force of statute. *Citerella* v. *United Illuminating Co.*, 158 Conn. 600, 608, 266 A.2d 382; *Hyde* v. *Connecticut Co.*, 122 Conn. 236, 240, 188 A. 266. The relevant regulations are as follows: "Language of policies. Presumption re coverage. The provisions herein required need not be stated in the language or form of these regulations, but the coverage afforded shall be of equal or greater benefit to the insured. Policies affording a coverage to which these regulations apply shall be deemed to afford insurance under such coverage at least equal to that required by these regulations." Regs., Conn. State Agencies § 38-175a-3. "Minimum provision for protection against uninsured motorists. (a) Coverage. The insurer shall undertake to pay on

---

sured motorists coverage with limits requested by the named insured upon payment of the appropriate premium, but such insurer shall not be required to provide such coverage with limits in excess of the limits of the bodily injury coverage of such policy issued to such named insured. Every such policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding."

The minimum uninsured motorist coverage for damages by reason of personal injury or death is $20,000. See General Statutes § 14-112 (a).

[2] "[General Statutes] Sec. 38-175d. POLICIES DEEMED TO PROVIDE COVERAGE IN ACCORDANCE WITH REGULATIONS. Polices affording bodily injury liability, property damage liability and uninsured motorist coverages to which the provisions of sections 38-175a to 38-175e, inclusive, apply shall be deemed to provide insurance under such coverages in accordance with such regulations. Policies affording medical payments coverage to which the provisions of said sections apply shall be deemed to provide insurance under such coverage in accordance with such regulations."

behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle or motorcycle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle or motorcycle. This coverage shall insure the occupants of every motor vehicle to which the bodily injury liability coverage applies. . . . (d) Limits of liability. The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of § 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury, (2) paid or are payable under any workmen's compensation or disability benefits law, or (3) paid under the policy in settlement of a liability claim. The policy may also provide that any direct indemnity for medical expense paid or payable under the policy or any amount of any basic reparations benefits paid or payable under the policy will reduce the damages which the insured may recover under this coverage and any payment under these coverages shall reduce the company's obligation under the bodily injury liability coverage to the extent of the payment." Regs., Conn. State Agencies § 38-175a-6.

It is clear that an insurer may reduce the limits of its uninsured motorist coverage only as permitted by § 38-175a-6 (d); that is, the policy may provide for a reduction to the extent that damages have been paid by or on behalf of any person responsible for the injury, have been paid or are payable under any workmen's compensation or disability benefits law, have been paid under the policy

in settlement of a liability claim, or have been paid or are payable under any provisions of the policy for direct indemnity for medical expense or basic reparations benefits. The regulations do not authorize any reduction of coverage because of "other insurance."

In *Fidelity & Casualty Co.* v. *Darrow,* 161 Conn. 169, 170, 172, 286 A.2d 288, this court was asked to consider a question on reservation from the Superior Court which raised the issue of the effect to be given an "other insurance" clause. The clause considered by this court in *Darrow,* supra, 172, is virtually identical to the "other insurance" clause which appears in the policy issued by Aetna to Richard C. Pecker. The conclusion reached in *Darrow,* supra, 181, was that the "other insurance" clause was valid insofar as it allowed reduction of the secondary insurer's liability to the extent that damages had been paid by the primary insurer under its uninsured motorist coverage. That conclusion was based upon § 38-175a-6 (d) (1) of the regulations which provides for reduction of limits of uninsured motorist coverage "to the extent that damages have been (1) paid by or *on behalf of* any person responsible for the injury." (Emphasis supplied.) Id., 181. We have examined the regulations carefully, and we do not agree that payments made by a primary insurer were intended to be considered as payments made "on behalf of" the uninsured motorist responsible for the injury. Section 38-175a-6 (a) of the regulations adopted by the insurance commissioner provides that "[t]he insurer shall undertake to pay *on behalf of the insured* all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . ."

(Emphasis supplied.) Thus, § 38-175a-6 (a) clearly indicates that an insurer making payment under the uninsured motorist coverage provisions of its policy makes that payment "on behalf of" the insured, not the uninsured motorist. On the basis of the statutes and regulations of this state, we hold that "other insurance" clauses included in uninsured motorist coverage provisions are invalid.

The question whether there is a maximum limit to recovery under uninsured motorist provisions was not before this court in *Fidelity & Casualty Co. v. Darrow,* 161 Conn. 169, 286 A.2d 288.[3] Under the applicable statutes and regulations no such maximum limit is established; the $20,000 is the designated sum to provide minimum, not maximum, protection against damages caused by uninsured motorists. See General Statutes § 38-175c and § 14-112 (a). Therefore, Aetna's potential liability is limited only by the $20,000 coverage provided for in its policy.

By our holding that "other insurance" clauses included in uninsured motorist coverage provisions are invalid, we do not intend to abrogate the rule that an insured may not recover double payment of damages under overlapping insurance coverage. See Keeton, Insurance Law, p. 319, § 5.5.(c). As insurance is intended as indemnification for loss, amounts received by an insured in satisfaction or partial satisfaction of his loss will be applied in full or partial discharge of his insurer's liability.

---

[3] In *Darrow,* the insured's administratrix requested that this court declare the "other insurance" clause invalid or, in the alternative, that she be allowed to recover a combined total of $20,000 from the primary and secondary insurer. See *Fidelity & Casualty Co.* v. *Darrow,* A-519 Rec. & Briefs, pp. 282-83. The plaintiffs in this case have not limited their request to a total recovery of $20,000.

46 C.J.S., Insurance, § 1206. In this case, because $20,000 was available to the insured under the primary policy, the secondary insurer will be discharged in that amount notwithstanding the fact that the insured chose to settle his claim against the primary insurer for $18,000. To hold otherwise would allow the primary insurer and the insured to settle claims in disregard of and to the detriment of the interests of the secondary insurer.

We, therefore, conclude that the "other insurance" clause is invalid and of no effect and that Aetna is liable to the plaintiffs within the monetary limit of its policy to the extent that the insured's damages exceed $20,000. The trial court erred in rendering judgment on a demurrer sustained; the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion BOGDANSKI and BARBER, Js., concurred.

LOISELLE, J. (dissenting). In *Fidelity & Casualty Co.* v. *Darrow,* 161 Conn. 169, 286 A.2d 288, this court was faced with the same issues that are involved in the present case, with the added fact that it was a case of first impression in this state. The cases of other jurisdictions with divergent results were reviewed with care and after due deliberation the language used in the regulations and the contract was construed as stated in the opinion. Nothing has occurred in the meantime, at least to my knowledge, which would indicate a different legislative intent or change in public policy relative to the holding in that case. Stare decisis cannot be a rigid rule in appellate determinations, but where the only reason for overruling a case is a disagreement as to the meaning of certain language which

was construed so recently by this court, I feel that the doctrine should apply. For those reasons, I respectfully dissent.

In this opinion HOUSE, C. J., concurred.