[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTIONS FOR SUMMARY JUDGMENT
This contract case was brought to enforce the under-insured motorist (U.M.) provisions of an umbrella or excess Personal Liability Policy (Umbrella) issued to plaintiff's father.
FACTS
Plaintiff was seriously injured in an automobile accident while driving a car owned by her father on April 22, 1987 through the fault of another car driver. The other driver's insurance company paid the full amount of its liability coverage to plaintiff in the amount of $50,000. Plaintiff has also received the sum of $65,000 from defendant under the U.M. provided by plaintiff's father's automobile liability policy and she has also received $5,000 as basic reparations from defendant under that same policy.
On July 26, 1990 by jury verdict it was decided that fair, just and reasonable compensation for all plaintiff's injuries resulting from the accident is $300,000.
The umbrella policy provides liability protection for the insured for boats, three automobiles and "Homeowners" in excess of the limits under the underlying policies, up to a total of one million dollars. The umbrella policy also provides $25,000 of U.M. coverage. No insured under the CT Page 363 umbrella policy elected a U.M. limit in excess of the $25,000 or less than one million.
Plaintiff claims that under the statutes of our state and the umbrella policy the U.M. coverage of that policy is one million.[1] The defendant argues that it is $25,000 and has
on July 25, 1990 made a formal offer of that sum.
The umbrella policy contains a requirement that there be certain "underlying" or primary insurance. The umbrella states, "The insured agrees: (1) that primary insurance policies providing the following coverages, if applicable, are in force and will be maintained in force as collectible for at least the required minimum limits stated below; (2) to insure all automobiles owned by the insured . . ." Also Section Five B. of the umbrella policy specifically requires the insured to have primary insurance, including liability insurance for: 1. any premises . . .; 2. any auto . . . owned by . . . you; 3. any watercraft owned by . . . you . . ."
LAW
C.G.S. 38-175c provides that every automobile liability policy shall contain U.M. "coverage, in accordance with such regulations." The regulations to which the statute refers are found in 38-175a-1 et seq. Those regulations specifically "do not apply to the insurance afforded under any policy . . . (2) if the policy contains an underlying insurance requirement. The umbrella policy does contain such a requirement.
The statute, 38-175d, says that policies providing bodily injury liability coverage are "deemed to provide insurance under such coverage in accordance with" the regulations. Those regulations have the force of statutes. Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 448-449.
The plaintiff presents the issue as being whether or not the umbrella policy "is an automobile liability insurance policy under Connecticut law." The court need not decide that because the issue is whether a policy with "an underlying insurance requirement" must provide U.M. coverage under C.G.S. 38-175c. It need not.
The jury verdict for fair, just and reasonable compensation is $300,000. The amount received by plaintiff is $120,000. The amount due her under the U.M. provisions of the umbrella policy is $25,000. CT Page 364
Judgment for plaintiff for $25,000.
N. O'NEILL, J.