[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#124)
The plaintiff, Dawn Hilbert, instituted this action against the defendants, American Financial Corporation, Great American Insurance Company and Allstate Insurance Company, to recover uninsured/underinsured motorist benefits. The two count amended complaint alleges that on September 4, 1994, the plaintiff was a passenger in a motor vehicle owned by Edward Nuhn and operated by Michelle R. Nuhn on East Main Street in Torrington, Connecticut. On that date, the defendant was operating a motor vehicle owned by James Wolfinger when it crossed the center line of East Main Street and collided head on with the vehicle in which the plaintiff was a passenger. The plaintiff suffered severe personal injuries. The plaintiff alleges that all applicable liability policies are exhausted and she therefore seeks to recover under the uninsured/underinsured policies provided by the defendants.
The defendants Great American and American Financial filed an amended answer and three special defenses. The first special defense alleges that the vehicle in which the plaintiff was a passenger is not an uninsured/underinsured vehicle within the terms of the policy. The second special defense alleges the coverage limits of the policy and certain reductions to these limits, such as tortfeasor payments, unreimbursed no fault payments, payments made pursuant to any health law, collateral source payments pursuant to General Statutes Sec. 52-572h and limits of applicable tortfeasor policies and bonds pursuant to Sec. 38a-336(b). The third special defense alleges that any payments made on the policy must be reduced on a pro rata basis in proportion with limits on other applicable uninsured/underinsured motorist policies.
The plaintiff now moves to strike the second and third special defenses. In support of its motion, the plaintiff filed a memorandum of law. The defendant timely filed a memorandum in opposition. CT Page 9609
The function of a motion to strike, "like that which the demurrer served, is to test the legal sufficiency of a pleading." Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20,21, 467 A.2d 442 (Super.Ct. 1983). On a motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, 182 Conn. 80, 82-83,438 A.2d 6 (1980). The court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988).
The plaintiff argues that the second and third special defenses should be stricken for two reasons. First, the plaintiff contends that the second special defense is improper because it alleges collateral source payments in violation of Practice Book Sec. 195A. Second, the plaintiff contends that under Smithv. Safeco Ins. Co. of America, 225 Conn. 566,624 A.2d 892 (1993), collateral source payments as alleged in the second special defense do not reduce the limits of the policy, but instead limit the amount of damages that a claimant may recover. The plaintiff also claims that the third special defense is improper. The defendants, however, contend that under Bennett v.Automobile Ins. Co. of Hartford, 230 Conn. 795,646 A.2d 806 (1994), they are required to allege the reductions as a special defense because they raise contractual issues of policy limitation.
The defendants' second special defenses alleges the following:
 The limits of the policy alleged in the Plaintiff's complaint are $250,000.00 per person/$500,000.00 per occurrence with two vehicles on the policy, the stacking option elected, and said limits are reduced by applicable tortfeasor payments, unreimbursed no fault payments, payments made pursuant to any health law, collateral source CT Page 9610 payments pursuant to Connecticut General Statute Sec. 52-572h, and the limits of applicable tortfeasor policies and bonds pursuant to 38a-336(b).
In Bennett v. Automobile Ins. Co. of Hartford, supra, the Connecticut Supreme Court, utilizing its supervisory authority over the administration of justice, held that "an insurer should raise issues of policy limitation, even when undisputed, by special defense." Id., 806. By so doing, the insurer places the trial court and the opposing party on notice of the policy limitation issue so that it may be resolved in accordance with Sec. 38a-336b of the General Statutes. Id.
General Statutes Sec. 38a-336(b) "requires that an insurer pay its insured up to the limits of the policy's uninsured motorist coverage after the liability limits of all other applicable insurance policies have been exhausted by payment of judgments or settlements." Bennett v. Automobile Ins. Co. ofHartford, supra, 230 Conn. 800. This section also provides that "in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured motorist coverage, exceed the limits of the insured's uninsured motorist coverage." Id., 801. An insurer, however, "may not by contract reduce its liability for such uninsured or underinsured motorist coverage except as [38a-334-6(d)] of the Regulations of Connecticut State Agencies expressly authorizes." (Emphasis in original, citations and internal quotation marks omitted.) Streitweiser v. Middlesex Mutual Assurance Co.,219 Conn. 371, 377, 593 A.2d 498 (1991). Thus, such a policy
 may provide for a reduction to the extent that damages have been paid by or on behalf of any person responsible for the injury, have been paid or are payable under workers' compensation or disability benefits law, have been paid under the policy in settlement of a liability claim, or have been paid or are payable under any provisions of the policy for direct indemnity for medical expense or basic reparations benefits.
Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 450-51,370 A.2d 1006 (1976); Conn. Dept. Reg. Sec. 38a-334-6(d). Payments that would reduce the policy limits as permitted by the regulations should be pleaded as a special defense in accordance with the Bennett decision since they implicate issues of policy CT Page 9611 limitation.
The uninsured motorist statute and regulations, however, do not authorize "a reduction in underinsured motorist coverage because of the claimant's receipt of collateral source payments."Smith v. Safeco Ins. Co. of America, supra, 225 Conn. 572. The collateral source statute, General Statutes Sec. 52-225a, also does not authorize collateral source payments to be deducted from a claimant's available uninsured or underinsured motorist coverage. Id., 570-72. "Collateral source payments are defined by General Statutes Sec. 52-225b as payments made to a claimant pursuant to health or sickness insurance." Id., 570. Although the statutory collateral source reduction does not reduce the amount of available uninsured motorist coverage, it may apply to limit the amount of damages that a claimant may recover under the uninsured motorist coverage. Id., 574. "In other words, while Sec. 52-225a does not authorize collateral source payments to be deducted from a claimant's available underinsured motorist coverage, it does authorize such payments to enter into the calculation of the claimant's compensable injuries and losses." Id.
Under the Bennett holding, therefore, the insurer is not required to plead collateral source payments as a special defense since such payments do not raise an issue of policy limitation but instead relate to recoverable damages. In fact, under Practice Book Sec. 195A, the insurer is not permitted to plead collateral source payments, as defined by Sec. 52-225b, as a special defense. While some courts have refused to strike special defenses alleging collateral source payments based on theBennett decision; see Wicke v. Aetna Casualty Surety Co.,11 Conn. L. Rptr. 421, 422 (April 28, 1994) (Fuller, J.); these cases did not address the holding of the court in Safeco Ins. Co. ofAmerica, supra, that collateral source payments do not reduce the claimant's coverage limits but may instead reduce recoverable damages. See, J. Berk M.C. Jainchill, Connecticut law ofUninsured and Underinsured Motorist Coverage Sec. 6.6 (1993 Supp. 1994) (questioning premise of such decisions as Wicke
because collateral source payments reduce damages and not coverage limits). Thus, an insurer is neither mandated nor permitted to plead collateral source payments, as defined by Sec.52-225b, as a reduction in policy coverage limits.
In the present case, the second special defense alleges the specific policy coverage limits that the defendant is required to CT Page 9612 plead as a special defense. Bennett v. Automobile Ins. Co. ofHartford, supra, 230 Conn. 806. The defendant also alleges certain reductions to these policy limits. It is not clear from the allegations whether the alleged reductions are based on limitations expressly stated in the policy or are based on the statutes and regulations. One of the alleged reductions is that the policy limits are reduced by "collateral source payments pursuant to General Statutes Sec. 52-572h." This statutory section incorporates "any reduction provided by Section 52-225a." General Statutes Sec. 52-572h(a). The second special defense, therefore, alleges a reduction in the policy limits by collateral source payments. Allegations of collateral source payments are not permitted under Practice Book Sec. 195A. Additionally, the insurer may only limit the policy coverage as expressly provided in the uninsured motorist regulations, which do not authorize a reduction in the policy limitation for collateral source payments. Conn. Dept. Reg. 38a-334-6(d). Thus, the second special defense improperly alleges a reduction in the policy limits due to collateral source payments. Additionally, this special defense fails to allege that the permitted reductions are made pursuant to the terms of the policy. The plaintiff's motion to strike this special defense therefore is granted.
The plaintiff also moves to strike the third special defense, which alleges: "Any payments made under the policy alleged in the plaintiff's complaint must be reduced on a pro rata basis in proportion by limits with other applicable uninsured/underinsured motorist policies." The plaintiff claims that this special defense is improper.
The defendants argue that this special defense is also a contractual limitation that must be pleaded under the Bennett
decision. The defendants, however, have not alleged that the policy contains a pro rata clause. As such, the court cannot conclude that this defense alleges a contractual limitation on liability. "A pro rata clause is one which provides that if there is other collectible insurance on the loss, the writer of the clause is liable only for its pro-rata share of the loss."Aetna Casualty Surety Co. v. CNA Ins. Co.,4 Conn. L. Rptr. 290, 291 (1991) (O'Neill, J.). Additionally, a pro rata clause is a type of "other insurance" clause, that, with regard to the insured, may not reduce the limits of uninsured or underinsured motorist coverage. See Pecker v. Aetna Casualty Surety Co., supra, 171 Conn. 451. Thus, even if the defendants allege that the policy contains a pro rata clause, such a clause CT Page 9613 does not reduce the limits of liability because the uninsured motorist statute and regulations do not authorize such a coverage reduction for pro-rata clauses. See General Statutes Sec. 38a-336; Conn. State Reg. Sec. 38a-334-6(d). As such, a defendant is not required under Bennett to plead a pro rata clause as a special defense because it does not raise an issue of policy limitation. Furthermore, a pro rata clause is not a proper special defense because it does not plead facts that are consistent with the allegations of the complaint, but demonstrate, nonetheless, that the plaintiff has no cause of action. Bennett v. Automobile Ins. Co. of Hartford, supra,230 Conn. 802. Thus, the motion to strike the third special defense is also granted.
For these reasons, the plaintiff's motion the second and third special defenses is granted.