[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#105)
By writ, summons and complaint the plaintiff James Bowersox brought the present action against the defendant Providian Property Casualty Insurance Company. In his complaint the plaintiff has alleged that on or about August 19, 1994, he was involved in a motor vehicle accident when he was rear ended by the tortfeasor, Deborah Bates. Since the accident the plaintiff has exhausted the full liability policy limits of the tortfeasor and in the present actions seeks underinsured benefits from his own policy.
The defendant filed an amended answer with multiple special CT Page 3660 defenses. The fourth special defense claims a reduction in any damages awarded by collateral sources. The sixth special defense alleges that the plaintiff's claim is barred by the exclusivity provision of the Workers' Compensation Act.
The plaintiff has moved to strike both the fourth and sixth special defenses.
The function of a motion to strike "is to test the legal sufficiency of a pleading". Ferryman v. Groton, 212 Conn. 138, 142. "A motion to strike is the proper manner in which to raise the issue of legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21. "All facts well pleaded and those facts necessarily implied therefrom are taken as admitted." Amodio v. Cunningham, 182 Conn. 80,82-83 (1980). The court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v.Godou, 209 Conn. 273, 278 (1988).
 I
The defendant's fourth special defense seeks "a reduction of any payments due to the plaintiff by the amount paid to the plaintiff from collateral sources." Allegations of collateral source payments are not permitted under Practice Book Section 195A.
The defendant relies on the holding in Bennett v. AutomobileInsurance Company, 230 Conn. 795, 802 (1994) for supporting the proposition that collateral source payments be alleged by the defendant. However, Bennett spoke only to the issue of policy limitations. Bennett, does not require that collateral source be pled because collateral source payments, as alleged in the fourth special defense, do not reduce the limits of the policy, but rather limit the amount of damages the plaintiff may recover. Smith v.Safeco Ins. Co. of America, 225 Conn. 566 (1993); Hilbert v.American Financial Corp., 1995 Ct. Sup. 96707, 15 CLR 16, August 11, 1995 (Pickett, J.). The defendant's fourth special defense is legally insufficient and therefore is stricken.
 II
The defendant, in its sixth special defense, claims that as the plaintiff was within the scope of his employment and operating a vehicle that was owned by his employer he is barred by the Workers' Compensation Act's exclusivity provision from seeking CT Page 3661 underinsured benefits. This is not the law.
The Connecticut Supreme Court held that given the above scenario the exclusivity provision of the Workers' Compensation Act did prevent a claimant from seeking underinsured benefits through his employer. Bouley v. City of Norwich, 222 Conn. 744 (1992), CNAInsurance Co. v. Colman, 222 Conn. 769 (1992).
However, by Public Act 93-297 the general assembly legislatively overruled the holdings in these cases. P.A. 93-297 [Con. Gen. Stat. § 38a-336(f)] states:
 Notwithstanding subsection (a) of Section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage.
Public 93-237 had an effective date of January 1, 1994. As the present case stems from an accident which took place on or about August 19, 1994, said public act is applicable to this case. Furthermore, the plaintiff has not sought relief under his employer's underinsured coverage, but rather his own personal insurance and therefore is not barred by the exclusivity provision of the Workers' Compensation Act.
Consequently, as the defendant's sixth special defense is legally insufficient, the plaintiff's motion to strike is also granted.
PICKETT, J.