[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ENTRY OF JUDGMENT
This case, an underinsured motorist action, was tried to a jury which, on January 30, 1997, rendered its verdict in favor of the plaintiff. The jury awarded the plaintiff 12,564.77 in economic damages, $77,500.00 in non-economic damages and total damages of $90,064.77. The verdict was accepted by the court.
The plaintiff had settled his case against the tortfeasor for $100,000 which exhausted the tortfeasor's liability coverage. The parties agreed that the defendant's policy provided $200,000 in underinsured coverage under the coverage C of the policy.[1]
The court tried this case under the theory that the jury's sole function was to determine and award fair, reasonable and just damages for the injuries, damages and disabilities, if any, of the plaintiff as a result of the tortfeasor's liability which CT Page 3320 was admitted by the defendant. The jury was instructed as follows:
 "In an underinsured motorist action, where the plaintiff claims that he was injured as a result of the negligence of Helen Super, the amount of damages to be recovered from Safeco is the amount of money which the plaintiff would have been able to recover against Helen Super if she had had sufficient insurance coverage. of course in this case against Safeco, Mr. Fahey is limited by the amount of coverage in his policy of insurance.
 You, the jury, are not to concern yourselves with what, if any compensation Mr. Fahey received from Helen Super or her insurance company. Your task, should you find in Mr. Fahey's favor, is to award him compensation from dollar one to such an amount as you feel would be fair, just and reasonable in order to fully compensate him for his injury and damages. Your following this instruction will insure fairness, as it is the responsibility of the judge, under our law, should your verdict be for Mr. Fahey, to deduct the amount of any payment previously received by him from the amount of your verdict."
The jury, therefore, was not informed of the tortfeasor's payment or the amount of underinsured motorist coverage under the Safeco policy.
Paragraphs 8 and 9 of the plaintiff's amended complaint were admitted by the defendant. Paragraphs 8 and 9 read as follows:
"8. On the date of this occurrence, Helen Super, was the owner and operator of a 1988 Olds Ciera. The only available insurance which indemnified Helen Super for her negligence in causing this accident was a policy issued by the Nationwide Insurance Company for the single limit of $100,000 per person.
9. On or about April 29, 1994 the Nationwide Insurance Company paid $100,000.00 to the plaintiff John Fahey, thereby exhausting all applicable bodily injury liability bonds upon the person responsible for his injuries."
Thus, before the court was a declaration by the plaintiff CT Page 3321 that he had received payment of $100,000 from the tortfeasor and an admission by the defendant that said payment had been received.
On February 7, 1997 the defendant Safeco filed its Motion to Reopen Evidence for the purpose of "offering as an exhibit to the court the applicable insurance policy," which motion was opposed by the plaintiff and granted by the court. Although the court granted said motion the court did not feel that a motion to reopen was necessary as the court had refrained from entering judgment on the verdict. The policy consists of the original policy (K330395) consisting of policy form number SA-963, dated December, 1984 and an "Amendment of Policy" dated June, 1990 and, therefore, in affect at the time of the accident on April 25, 1993.
The first sentence of part C of the amendment makes it clear that it does not replace the first paragraph of part C of the policy:" The following is added to the first paragraph of the insuring agreement." Said first paragraph reads as follows:
"We will pay damages which a covered person is entitled torecover from the owner or operator of any uninsured motor vehicle because of bodily injury sustained by a covered person and caused by accident. . ." (emphasis added).
Thus, the initial question before the court is the amount of damages which the plaintiff was "entitled to recover" from the tortfeasor. Clearly that sum is the amount of the jury verdict, $90,064.77. The charge of the court made it clear to the jury that its only task was to determine and award fair, just and reasonable damages to the plaintiff for all injuries disabilities and damages they find to have been proximately caused by the tortfeasor's negligence.
Section 38A-336 of the Connecticut General Statutes, entitled, "Uninsured and Underinsured Motorist Coverage, " provides as follows:
 "(a)(1) Each automobile liability insurance policy shall provide insurance called uninsured and underinsured motorist coverage. . .for the protection of person who are legally entitled to recover damages from the owners or operators of uninsured. . .and underinsured motor vehicles. . . ."
CT Page 3322
Clearly, the statute was designed to protect a plaintiff where a tortfeasor did not have enough insurance to fully and fairly compensate him for his injuries. Here the tortfeasor Helen Super had liability insurance of $100,000 which was paid to the plaintiff in settlement of his claim. The court does not believe that uninsured or underinsured motorist coverage is intended to create an additional source of recovery for a claimant that has been fully compensated by the liability coverage of the tortfeasor.
 "The public policy established by the uninsured motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance." Harvey v. Travelers Indemnity Co., 188 Conn. 245, 249, 449 A.2d 157
(1982); American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 197, 530 A.2d 171 (1987). It is a "time-honored rule that an injured party is entitled to full recovery only once for the harm suffered." Peck v. Jacquemin, 196 Conn. 53, 70 n. 19, 491 A.2d 1043
(1985). "[A]n insured may not recover double payment of damages under overlapping insurance coverage." Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 452, 370 A.2d 1006 (1976). Rydingsword v. Liberty Mutual Ins. Co., 224 Conn. 8, 18 (1992).
Thus, a recovery of damages by the plaintiff in this case would result in a double recovery for the same damages, as the verdict of the jury was less than the sum recovered by the plaintiff from the tortfeasor. Therefore he has already received compensation in excess of the fair, just and reasonable value of his damages as determined by the jury. Since he has recovered more than what he was "entitled to recover from the owner and operator of an underinsured vehicle," the plaintiff has not passed the policy threshold leading to underinsured motorist benefits, although his policy provided either 200,000 or 100,000 of underinsured benefits coverage. Had the jury's verdict been in excess of $100,000, the plaintiff would have been entitled to recover such excess amount, as he would have proved his entitlement to damages in excess of the available coverage of the tortfeasor. Of course the amount of any recovery would depend as well on the amount of underinsured coverage available through his CT Page 3323 policy.
Since the plaintiff's recovery from Helen Super exceeded the damage which the jury determined he was legally entitled to recover, the plaintiff has failed to prove that he is entitled to a recovery of further damages pursuant to the uninsured/underinsured provisions of his policy.
Therefore, judgment may enter in favor of the defendant Safeco Insurance Company of America.
DAVID W. SKOLNICK, JUDGE