[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO REDUCE VERDICT
The plaintiff Olga Caires ("Caires") brought this action against the defendant Allstate Insurance Company ("Allstate") to collect uninsured motorist benefits pursuant to the terms of an insurance policy ("policy") she had with Allstate. Allstate admitted liability and a hearing in damages was held before a jury which returned a $5,000 verdict in favor of Caires.[1]
CT Page 12003
Thereafter, Allstate filed a motion to reduce the verdict maintaining it was entitled to a set-off from the verdict in the amount of $3,082.72, the basic reparations benefit it paid to Caires. Caires objected to the set-off and would not stipulate that the basic reparations benefit had been paid. Accordingly, an evidentiary hearing was held on September 25, 1998. Testimony from Etta Williams, a senior staff claim representative and an Allstate employee for 21 years, established that Caires had a standard automobile insurance policy, defendant's exhibit A, in effect with Allstate as of March 13, 1992, the date of the accident, which provided both no-fault coverage and uninsured motorist coverage. Caires had paid a total premium of $345.20 for the coverage period, of which $25.00 represented the no-fault coverage and $43.20 represented the uninsured motorist coverage. On page 24, the policy set forth the limits of uninsured motorist coverage as follows:
 Damages payable under this coverage will reduced by all amounts payable under Automobile Medical Payments, Basic Reparations Benefits, Added Reparations Benefits, or any similar auto medical payments coverage.
Williams testified that Allstate had paid Caires a total of $3,082.72 in basic reparations benefits.
Allstate, relying on the quoted policy language and § 34a-334-6(d)(3) of the Regulations of Connecticut State Agencies[2], maintains that it is entitled to have the jury's damages award reduced by the full amount paid as basic reparations benefits. Caires argues that if Allstate is requesting a set-off, it failed to prove that defense at trial and should not be allowed to do so in a post-verdict hearing and, alternatively, if Allstate can seek to reduce the verdict as a collateral post-verdict hearing and, alternatively, if Allstate can seek to reduce the verdict as a collateral source under General Statutes § 52-225b, it is entitled only to two-thirds of the basic reparations benefits paid and Caires should be credited for her premium.
Allstate appropriately relies on § 34a-334-6. "The right of an insurer to offset the limits of liability for uninsured and underinsured motorist coverage is controlled by § 38a-334-6. See Streitweiser v. Middlesex Mutual Assurance Co., supra,219 Conn. 377 ("insurer may not, by contract, reduce its liability for such uninsured or underinsured motorist coverage except asCT Page 12004[§ 38a-334-6] . . . expressly authorizes" [emphasis added]);Allstate Ins. Co. v. Ferrante, supra, 201 Conn. 482-83. It would be inappropriate, therefore, to look anywhere other than § 38a-334-6 to determine what alternative resources available to the insured will be considered an applicable offset. Because of the exclusive application of the regulation to uninsured and underinsured motorist coverage, it is irrelevant that the receipt of the same resource might not be considered a double recovery against a first-party tortfeasor." Vitti v. Allstate InsuranceCo., 245 Conn. 169, 188 (1998). Indeed, the Supreme Court has repeatedly stated that § 38a-334-6 exclusively governs the offsets to uninsured motorist coverage allowed to an insurer. See, e.g., Buell v. American Universal Ins. Co.,224 Conn. 774, 621 A.2d 262 (1993); Rydingsword v. Liberty MutualIns. Co., 224 Conn. 8, 615 A.2d 1032 (1992); Wilson v. SecurityIns. Co., 213 Conn. 532, 569 A.2d 40, cert. denied, 498 U.S. 814
(1990), cert. denied, 502 U.S. 1005 (1991). "Regulations issued by the insurance commissioner to implement the statutes governing uninsured motorist coverage are presumed valid and have the force and effect of a statute. Travelers Ins. Co. v. Kulla, supra, 399; Pecker v. Aetna Casualty Surety Co., 171 Conn. 443,449, 370 A.2d 1006 (1976); see Phelps Dodge Copper Products Co.v. Groppo, 204 Conn. 122, 128. 527 A.2d 672 (1987)." Dugas v.Lumbermens Mutual Casualty Co., 217 Conn. 631, 641,587 A.2d 415 (1991).
Pursuant to the regulatory authorization that a policy may provide that "any amount of any basic reparations benefits paid or payable under the policy will reduce the damages which the insured may recover under this coverage," § 38a-334-6(d)(3), Allstate's policy with Caires specifically provided that "damages payable" under the uninsured motorists coverage would be "reduced by all amounts payable under . . . Basic Reparations Benefits." Caires has provided no authority to contradict Allstate's reliance on § 38a-334-6(d)(3) and the plain language of the policy, but challenges the procedural mechanism by which Allstate has sought to reduce the jury's damages award.
Caires erroneously maintains that Allstate was required to prove the allegations of its special defense of set-off of the basic reparations benefits to the trier of fact and, having failed to do so, cannot move for a reduction of the damages award in a post-verdict hearing. In an uninsured motorist case such as this, "the fundamental factual issue for resolution by the finder of fact is the amount of damages or liability if that CT Page 12005 is contested. Once that determination is made, the issues of credits and set-offs to be applied are legal determinations to be made by the court or by agreement of the parties." J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (1993) § 7.9.3 p. 273. The only issue properly before the jury in this case was the amount of damages to be awarded for the admitted liability of the uninsured tortfeasor. It is the province of the trial court to "reduce the jury verdict to make it conform with the terms of the policy." Fahey v. SafecoIns. Co. of America, 49 Conn. App. 306, 310, 314 (1998); see Bennett v. Automobile Ins. Co. of Hartford,230 Conn. 795, 802, n. 15, 803-04, n. 17, 646 A.2d 806
(1994).[3] Thus, Allstate properly moved for a post-verdict reduction of the damages award in this case.
Finally, Caires argues, in claiming an entitlement to a deduction for attorneys fees and a credit for the premium paid, that any offset to the damages award for the basic reparations benefits paid can only be allowed as a collateral source pursuant to General Statutes § 52-225a et seq. The Supreme Court has indicated it would reject this argument in dicta in Vitti v.Allstate Insurance Co., supra, 245 Conn. at 188, n. 18, stating:
 That which may or may not qualify as a collateral source under § 52-225a does not control the determination of which offsets are applicable in the uninsured and underinsured motorist context. As we concluded in Smith v. Safeco Ins. Co. of America, 225 Conn. 566, 624 A.2d 892 (1993)], neither § 38a-336 nor the corresponding regulation, § 38a-334-6, permit reference to § 52-225a in determining appropriate limitations and exclusions. Id., 571-72. Rather, § 38a-334-6(d) exclusively governs "the grounds upon which such [uninsured and underinsured] insurance may be excluded or limited." Id., 572.
Moreover, the Supreme Court concluded in Dugas v. LumbermensMutual Casualty Co., supra, 217 Conn. at 639, 647, that the plain language of the applicable regulation does not provide for a deduction for attorneys fees from the reimbursement to an insurer for basic reparations benefits paid its insured. The same reasoning would apply to a deduction for premiums paid to obtain the coverage.
Accordingly, under the provisions of § 38a-334-6(d)(3) and the terms of its policy, Allstate is entitled to have the jury's damages award reduced by the full amount of basic CT Page 12006 reparations paid. Therefore, deducting $3082.72 from the jury's award of $5,000.00, the court enters judgment in the amount of $1917.28.
Linda K. Lager, Judge