CITIZENS MUTUAL INSURANCE COMPANY v TURNER

INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
TORISTS—STACKING POLICIES.

Policyholders of automobile liability insurance actually held two
different policies of insurance where two premiums were
charged and paid which covered two cars even though there
was only one policy number issued by the insurance company;
therefore, an arbitrator properly found that the two policies
could be stacked, providing the minor child of the policyholders
with a total of $20,000 worth of available coverage instead of
the $10,000 coverage found in the individual policies for inju-
ries resulting from an accident involving an uninsured motor-
ist.

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 April 11, 1974, at Lansing.
(Docket No. 17866.) Decided May 31, 1974. Leave
to appeal denied, 392 Mich —.

Complaint by Citizens Mutual Insurance Com-
pany against Alice A. Turner to vacate an arbitra-
tion award. Judgment for defendant. Plaintiff ap-
peals. Affirmed.

*Carl J. Schoemer,* for plaintiff.

*Gerard J. Coughlin,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and
O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 135–138.
* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

R. B. BURNS, J. Defendant Alice Turner was a passenger in a vehicle owned and operated by a Stanley Adams. The Adams vehicle was involved in an accident that severely injured her. Adams was an uninsured motorist.

At the time of the accident, defendant's parents were insured by plaintiff. The insurance included uninsured motorist protection that applied to the defendant's injuries in this case.

Defendant's claims under the policy were submitted to arbitration pursuant to the insurance contract provisions. The arbitrator awarded defendant $15,500 for her injuries. Plaintiff challenges the award on three grounds. Plaintiff claims that the arbitrator was biased in defendant's favor; plaintiff also claims that the arbitrator erroneously allowed hearsay material to be admitted into evidence. We find no merit in either of these contentions.

Plaintiff also contends that the arbitrator's award exceeded the maximum coverage available under the policy and, as a result, the arbitrator was without the power to make such an award. Basic to this issue is the resolution of the question of whether defendant's parents held one or two insurance policies with plaintiff. If, as the trial judge and the arbitrator believed, the defendant's parents actually held two policies then the policies could be stacked, providing defendant with a total of $20,000 worth of available insurance coverage instead of the $10,000 coverage found in the individual policies. *Blakeslee v Farm Bureau Mut Ins Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), and *Boettner v State Farm Mut Ins Co,* 388 Mich 482; 201 NW2d 795 (1972).

"The decedent insureds *owned two vehicles* which were *each insured under a separate but identical State*

*Farm Insurance policy* with uninsured motorist coverage in the amount of $10,000/$20,000. The decedents *paid two separate, independent premiums and were issued two certificates of insurance.* At the time of the accident, the decedent insureds were occupying one of their two vehicles insured by State Farm." *Boettner v State Farm Mut Ins,* 388 Mich 482, 484; 201 NW2d 795 (1972). (Emphasis supplied.)

An extremely important part of the insurance policy states on page 12, paragraph 7:

"7. Insurance on two or more automobiles.

"When two or more automobiles are insured hereunder, the *terms of this policy shall apply separately to each,* but an automobile and an attached trailer shall be deemed to be one automobile as respects the limits of liability under section 2 * * * ." (Emphasis supplied.)

While plaintiff subsumed all of its business with defendant's parents under one code number, we believe that this did not alter the fundamental character of its dealings with them. Although there was one policy number issued by the plaintiff insurance company, two premiums were charged and paid which covered two cars. The question thus presented is whether the Michigan Supreme Court intended the question of multiple coverage to be dependent upon the number of insurance policies issued by the insurer or by the number of premiums paid by the insured. To hold that the answer depends on the question of how many policy numbers were issued would be illogical since the insurance companies would merely combine several separate policies issued to the same insured under one policy. Plaintiff insured the parents' two cars and required two separate premiums to be paid. From the insured's point of view, this relationship is the same as having two policies, regardless of how the insurer subse-

quently handles those paid premiums for its administrative purposes. Accordingly, we view this case as involving two different insurance policies and, therefore, the trial court correctly held that the uninsured motorist coverage found in them could be stacked for defendant's benefit. *Boettner, supra.*

Affirmed. Costs to defendant.

All concurred.