Charlotte **GOODMAN** and Daniel Goodman, Plaintiffs,

v.

**CONTINENTAL CASUALTY COMPANY,**
Defendant.

Superior Court of Delaware,
New Castle.

Argued July 18, 1975.

Requested Additional Material Received
Sept. 3, 1975.

Decided Oct. 20, 1975.

---

Arthur Inden, and Richard A. Zappa, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs.

Robert G. Carey, and David B. Ripsom, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff Charlotte Goodman [plaintiff] was injured in an automobile accident in which the owner and operator of the other automobile was not covered by liability insurance. Plaintiff's husband, with two vehicles registered in Delaware, obtained insurance coverage from defendant with respect to both vehicles, contained in a single insurance policy.

The issue is whether, since plaintiff's husband paid premium based upon ownership and coverage of two automobiles, plaintiff is entitled to recover damages up to $20,000 under the uninsured motorist coverage, or whether plaintiff is only entitled to recover the minimum statutory amount of $10,000.

■ The starting premise is that unless otherwise provided by statute, the rights and responsibilities of parties to a contract of insurance are those which are found in the contract. With respect to protection against bodily injury claim against an uninsured motorist, the policy provides coverage for the insured for bodily injury sustained by the insured "caused by accident or arising out of the ownership maintenance or use of such uninsured automobile . . .". Excluded from this coverage is "bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured . . .".

The uninsured motorist coverage contained the following limitation:

"Limits of Liability. (a) The limit of liability for uninsured motorist coverage stated in the declarations as applicable to "each person" is the limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injuries sustained by one person as a result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to 'each accident' is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injuries sustained by two or more persons of the result of any one accident."

The quoted language refers to "limit of liability for uninsured motorist coverage stated in the declarations." Attached to the copy of the insurance policy is a sheet entitled "Amended Declarations". It is assumed that this sheet is the "declarations" referred to in the quoted narrative. In each of the vertical columns which bear titles are two horizontal lines of typed entries. There is nothing on the face of the "Amended Declarations" which identifies the separate lines or indicates the relationship of one to the other. It is noted that in column 3, the first line states: "69 Olds Cut 88 364699 M231 428," and the second line states "70 Olds F85 331770 G127 717." One inference is that the first line was intended to refer to the automobile listed in that line, and the second line was intended to refer to the automobile listed in that line. The other inference is that the coverage in both lines may be cumulative.

Upon request by the Court for references to clarifying language to be found in the policy, the attorneys are in agreement that no such language is to be found in the policy. The insurer points out that the definition of "insured automobile" refers to "an automobile described in the policy for which a specific premium charge indicates that coverage is afforded." From this, it contends that coverage identified with each specific automobile is to be applied separately. It is noted also that the exclusionary language of Part IV refers to "bodily injury to an insured while occupying an automobile . . . or struck by such an automobile." While each of these references contemplates involvement of an insured automobile, it is not helpful in de-

**665**

terming whether the coverage amounts are cumulative.

The "Limits of Liability" provision of Part IV of the policy limits the insured motorist coverage to "the limit of liability for uninsured motorist coverage stated in the declaration as applicable to 'each person' . . . for all damages . . . because of bodily injuries sustained by one person as a result of any one accident . . .". The declaration under the category "Uninsured Motorists" and in the column "Each Person" under that category states on the first line $10 [1] and on the second line $10.[1] The "Limits of Liability" language does not aid in determing whether the amounts designated in that column in the two lines are cumulative or whether each line is to be confined to the vehicle referred to under the same designation on a different line, since the two $10,000 amounts claimed by plaintiff are both in the "each person" column. Either interpretation would qualify under the "Limits of Liability" provision.

■ Paragraph 4 of the "Conditions" of the policy which is entitled "Two or More Automobiles—Parts I, II, and III" states that "when two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each . . .". Thus, in the instance of Liability (Part I), Expenses for Medical Services (Part II), and Physical Damages (Part III), the policy specifically provides for separate application of the policy terms with respect to each insured automobile. It must be concluded that the statement that "the terms of this policy shall apply separately to each insured automobile" contemplates that the respective lines on the Declaration shall be treated non-cumulatively. Hence, for purposes of Parts I, II and III,

the lines are non-cumulative. From the format of that portion of the policy, since it does not specify Part IV, it does not apply to the Insured Motorist Protection (Part IV).[2] Hence, the uninsured motorist coverage is not within this "separate application" provision and in applying the uninsured motorist coverage specified for "each person" in the "Declarations" the lines are not to be treated as non-cumulative. Conversely, the lines are to be treated as cumulative. Not only is this a fair inference from the language of the policy, but it is also supported by the principle that any ambiguity in an instrument should be construed least favorably to the drafter of the instrument—in this case, the insurer. *Continental Cas. Co. v. Ocean Accident and Guarantee Corp.,* Del.Super., 209 A.2d 743 (1965); *Laird v. Employers Liability Assurance,* Del.Super., 2 Terry 216, 18 A.2d 861 (1941).

■ Also in support of the conclusion that the uninsured motorist coverage is cumulative is the fact that a separate charge was made for each $10,000 coverage. Where a separate charge is made for coverage, if the benefits are to be restricted contractually (if permissible under applicable statutes), it must be done in a clear and unambiguous manner. Since this was not done, it is not necessary to consider whether it is permissible under applicable Delaware statute. This is particularly forceful where the statute requires that the insurer make available additional coverage to the insured motorist. 18 Del.C. § 3902.[3]

■ The parties have addressed themselves to the effect of a provision of the policy dealing with "Other Insurance". It is clear from a reading of this provision that the "other insurance" referred to therein is insurance existing by virtue of

---

1. The parties have accepted this to mean $10,-000.

2. The general instruction that "[u]nless otherwise noted, conditions apply to all Parts" is not applicable since certain Parts are designated. It is noted that other paragraphs of

the "Conditions" are specifically made applicable to Part IV.

3. It is assumed the insurer satisfied this requirement as to coverage in excess of that actually provided.

some other insurance policy and that it does not affect rights arising solely under this policy. Hence, it is not necessary to consider the validity or applicability of this provision in the light of the applicable Delaware statute dealing with uninsured motorist protection or in the face of the separate specific premium payments shown in this policy. Cf. *Callaway v. Nationwide Mutual Insurance Company*, Del.Super., 248 A.2d 617 (1968); *Moore v. Home Indemnity Company*, Del.Super., 274 A.2d 705 (1971).

■ The discussion above has dealt with the construction of the insurance policy. It is necessary to consider whether the results which the terms of the policy produce are permissible under statute. The pertinent statute is 18 Del.C. § 3902. This statute requires that a policy must contain uninsured motorist coverage in not less than the statutory required maximum limits under the financial responsibility law ($10,000 per person bodily injury). It further requires that the insured be offered the option to purchase up to $300,000 coverage. It is clear that the statute was not intended to create a ceiling upon the amount of this type of coverage an insured migh obtain. Hence, there is no statutory prohibition against the $20,000 coverage of this policy.

The parties have also addressed themselves to the question of whether a policy covering two automobiles could lawfully issue in this State providing less than $20,000 coverage, or whether a policy which provides a separate premium for each automobile and for each type of coverage could lawfully provide less than $10,000 multiplied by the number of insured automobiles. Since the policy meets the coverage for which plaintiff contends under the statute, it is not necessary to decide whether it was compelled by the statute.

Plaintiff's motion for summary judgment with respect to the maximum amount which they are entitled to recover from defendant under the uninsured motorist coverage is granted. Plaintiffs shall submit an appropriate order on notice or consent.

It is so ordered.