SAFECO INSURANCE COMPANIES *v.* FRANK F. VETRE, ADMINISTRATOR (ESTATE OF GERALD C. VETRE), ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 9, 1977—decision released February 28, 1978

*T. Paul Tremont*, with whom were *James H. Aspinwall* and, on the brief, *Robert R. Sheldon*, for the appellants (defendants).

*Paul E. Pollock*, with whom, on the brief, were *Arnold J. Bai* and *James E. Coyne*, for the appellee (plaintiff).

BOGDANSKI, J. The plaintiff, Safeco Insurance Companies, hereinafter Safeco, brought this action for a declaratory judgment, alleging that on June 1, 1970, it issued an automobile insurance policy to Frank F. Vetre and on September 1, 1970, issued an automobile insurance policy to Gerald C. Vetre; that both policies were in effect on November 21, 1970; that on November 21, 1970, Gerald Vetre was a resident in the household of his father, Frank Vetre; that Gerald Vetre died as a result of an accident on November 21, 1970, involving an automobile owned by Raymond R. Miller and operated by John G. Beresky; and that because the Miller automobile was uninsured, Frank Vetre, as administrator of the estate of Gerald Vetre, presented a claim to Safeco pursuant to the uninsured motorist provisions of the two policies.

In its complaint Safeco claimed that in accordance with the "other insurance" provisions of those poli-

cies of insurance, the maximum amount of recovery available to the defendant Vetre, as administrator, under the respective uninsured motorist endorsements of those policies was $20,000, prorated between the two policies.

Thereafter, the administrator filed an answer and counterclaim wherein he sought a declaratory judgment seeking to determine the maximum amount of recovery available under those policies. The administrator claimed that he should be permitted to aggregate the maximum coverage afforded under the uninsured motorist endorsements of the two policies to the full extent of the actual damages incurred.

The trial court declared that where an insured is covered by two policies, both of which contain "other insurance" or "proration" clauses, the total liability under both policies cannot exceed the higher applicable limits of liability on either and that the maximum potential recovery of the defendants, Frank Vetre as administrator and individually, is $20,000 prorated between the policies. From that judgment, the defendants have appealed, assigning error in the court's conclusions and in the overruling of claims of law.

On this appeal, the defendants make two claims: (1) the defendants are entitled under § 38-175a (a) of the General Statutes and § 38-175a-6 (d) of the Regulations of Connecticut State Agencies to aggregate the uninsured motorist coverages of the two policies of insurance issued by Safeco; and (2) the defendants also are entitled to aggregate the separate uninsured motorist coverages of the single policy of insurance covering two vehicles issued by Safeco.

It is undisputed that as a result of the fatal injuries sustained by Gerald Vetre, the damages could exceed $60,000. Because the Miller vehicle was uninsured, the only insurance coverage available to the administrator was under the uninsured motorist provisions of the two Vetre policies. The first, policy No. N8A 390526, insured the decedent's vehicle and contained an uninsured motorist endorsement of $20,000. The second, policy No. N147678, under which the decedent was covered as a member of the household of the named insured, provided coverage for two automobiles and contained two separate uninsured motorist endorsements of $20,000 for which separate premiums were charged by and paid to the plaintiff.

## I

To begin with, § 38-175a-6 (a) of the Regulations of Connecticut State Agencies expressly provides that "[t]he insurer shall undertake to pay *on behalf of the insured all sums* which the insured shall be *legally entitled* to recover as damages from the owner or operator of an uninsured motor vehicle . . . because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle." (Emphasis added.) That regulation clearly permits recovery under an uninsured motorist provision of all such damages as the court or jury may find were sustained by an insured up to the full extent of coverage.

An insurer may reduce its liability under an uninsured motorist provision only as is permitted by § 38-175a-6 (d) of the Regulations of Connecticut State Agencies, that is, the policy may provide for a reduction to the extent that damages have been

paid by or on behalf of any person responsible for the injury,[1] paid or are payable under workmen's compensation or disability benefit laws, paid under the policy in settlement of a liability claim, or paid or are payable under any provision of the policy for direct indemnity for medical expenses or basic reparation benefits.

Other than those exceptions, the regulations do not authorize any reduction of coverage because of "other insurance." Moreover, any provisions of a private contract of insurance which conflict with the statutes or regulations must give way to the latter. General Statutes § 38-175d. The "other insurance" provisions, therefore, cannot prevent aggregation of the uninsured motorist coverage of the two policies in question. *Pecker* v. *Aetna Casualty & Surety Co.*, 171 Conn. 443, 370 A.2d 1006 (1976).

## II

We now consider policy No. N147678, a contract of insurance between Safeco and Frank Vetre, under which the decedent was insured as a member of the household. The uninsured motorist endorsement for each of two covered vehicles in that policy was $20,000 per person, $20,000 per accident, and separate premiums for each coverage were charged by and paid to Safeco for each vehicle. Paragraph four of the "conditions" portion of the policy specifically sets forth that "[w]hen two or more automobiles are insured hereunder, the terms of this policy shall apply *separately to each.*" (Emphasis added.)

---

[1] An insurer making payment under the uninsured motorist coverage provisions of its policy makes that payment "on behalf of" the insured, not the uninsured motorist. *Roy* v. *Centennial Ins. Co.*, 171 Conn. 463, 470, 370 A.2d 1011 (1976).

The administrator contends that the language of the policy is clear: the one instrument constitutes two policies with identical language and coverage including separate uninsured motorist endorsements affording $20,000 coverage per person. He claims that an aggregation of the maximum uninsured motorist coverage under both endorsements totals $40,000 and is recoverable to the extent of the actual damages incurred.

In *Sellers* v. *Government Employees Ins. Co.,* 214 So. 2d 879, 882 (Fla. App. 1969), the court stated: "[T]he principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. . . . Such being the controlling law in case of multiple insurance policies, we perceive no reason why a different rule should be applied merely because the insurance coverage afforded on different vehicles is combined in one instead of two or more policies. This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles." See also *Tucker* v. *Government Employees Ins. Co.,* 288 So. 2d 238 (Fla. 1973).

Like decisions, similarly reasoned, have been enunciated in the following recent uninsured motorist cases, to name but a few, in which multiple vehicles were covered by one policy and for which separate premiums were paid for each vehicle.

*Curran* v. *Fireman's Fund Ins. Co.,* 393 F. Sup. 712 (D. Alas. 1975); *Moomaw* v. *State Farm Mutual Automobile Ins. Co.,* 379 F. Sup. 697 (S.D. W. Va. 1974); *Employers Liability Assurance Corporation* v. *Jackson,* 289 Ala. 673, 270 So. 2d 806 (1972); *Goodman* v. *Continental Casualty Co.,* 347 A.2d 662 (Del. Super. 1975); *Barbin* v. *United States Fidelity & Guaranty Co.,* 315 So. 2d 754 (La. 1975); *Citizens Mutual Ins. Co.* v. *Turner,* 53 Mich. App. 616, 220 N.W.2d 203 (1974); *Cameron Mutual Ins. Co.* v. *Madden,* 533 S.W.2d 538 (Mo. 1976); *Blocker* v. *Aetna Casualty & Surety Co.,* 232 Pa. Super. 111, 332 A.2d 476 (1975); *Lipscombe* v. *Security Ins. Co.,* 213 Va. 81, 189 S.E.2d 320 (1972).

When the terms of the policy are plain and unambiguous, the language must be given its natural and ordinary meaning. *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, 180 A. 289 (1935). We conclude that the maximum amount of coverage afforded under the three uninsured motorist endorsements of the present two policies is $60,000 and that the administrator is entitled to aggregate that coverage to the extent of the actual damages incurred, as determined upon the trial of the negligence action.[2]

There is error, the judgment is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion LONGO and SPEZIALE, Js., concurred.

---

[2] By our reaffirming that "other insurance" clauses in uninsured motorist coverage provisions are invalid, we do not intend to abrogate the rule that an insured may not recover multiple payment of damages under overlapping insurance coverage. See Keeton, Insurance Law, p. 319, § 5.5 (c). An insured is entitled to recover only those damages actually sustained as determined by a court or jury.

LOISELLE, J. (dissenting). I am compelled to disagree with the majority opinion for the reasons given in the dissent from the opinion in *Pecker* v. *Aetna Casualty & Surety Co.,* 171 Conn. 443, 453, 370 A.2d 1006.

In this opinion HOUSE, C. J., concurred.