[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #102.10
I.
The issue in the instant case is whether an injured claimant may aggregate several different insurance policies "uninsured/underinsured motorist" coverages for purposes of achieving standing under Conn. Gen. Stat. 38-175c, or is the holding of Farm City Insurance Company v. Stevens, 215 Conn. 157
(1990), to be read to prohibit such stacking.
The holding of Stevens, supra, is only that such aggregation, or "stacking", is forbidden where the claimant seeks to aggregate the limit of his own policy with the limits of the tortfeasor's policy. Where the claimant only seeks to "stack" coverages which he, as the insured, has duly paid for, Nationwide Insurance Co. v. Gode, 187 Conn. 386 (1982), is controlling, and such aggregation is manifestly the public policy of Connecticut, and therefore the motion for summary judgment should be denied.
 II.
The plaintiff Guy Belliveau has brought suit against the defendant Progressive Casualty Insurance Company (Progressive) CT Page 4091 for the proceeds of a policy issued by Progressive on Belliveau's Motorcycle. The plaintiff's claim is based on Conn. Gen. Stat. 38-175c, the "uninsured/underinsured motorist" statute. The defendant Progressive has filed this motion for summary judgment, arguing that, given the definition of "underinsured motor vehicle" under 38-175c(b)(2) which is as follows:
 ((2) For the purposes of this section, an "underinsured motor vehicle" means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subdivision (1) of this subsection.))
that the plaintiff Belliveau has no claim under the statute. The defendant asserts that the holding of Farm City Insurance Company v. Stevens, 215 Conn. 157 (1990) mandates that any uninsured motorist claim be evaluated by comparing the coverage totals of the tortfeasor's liability policy (or policies) with the coverage limit of each individual uninsured motorist policy; in other words, the defendant's argument is that the Connecticut Supreme Court, in Stevens, intended to outlaw "stacking." It is found that it may be deemed unlikely that the Supreme Court would so radically alter established insurance law in this state without explicitly saying so, and more specifically, a fair reading of the Stevens opinion reveals no such intention, express or implied.
The holding of Stevens is no more nor less than this: for purposes of determining whether an insured has a claim under 38-175c, it is not permitted for the insured claimant to "stack" the limits of any policy he (the claimant) may hold on top of the limit of any uninsured-motorist coverage the tortfeasor may hold. In other words, the practice of "inter-policy stacking" is limited to those policies and that coverage which the insured claimant has duly paid for. As to those policies and that coverage which the claimant has duly paid for, whether under one policy covering several vehicles or several policies, nothing in Stevens purports to overturn or otherwise limit the judicial endorsement of "stacking" which resounds through such cases as Nationwide Ins. Co. v. Gode,187 Conn. 386 (1982). Indeed, the Stevens court distinguished that case from Gode, and the language at 215 Conn. 161-62 fully supports the continued vitality of the stacking doctrine, the court stated:
The defendant claims that his position is CT Page 4092 supported by our holding in Nationwide Ins. Co. v. Gode, 187 Conn. 386, 446 A.2d 1059 (1982). While the cases have many similarities, there is an important distinction. In Gode, the claimant, Christopher Gode, was injured while riding as a passenger in an automobile operated by Timothy Dolan. Dolan's carrier paid the claimant $20,000 under the liability provisions of Dolan's policy.
 As here, at the time of the accident, Christopher Gode was also insured as a member of the household, under an automobile liability policy issued by the plaintiff, Nationwide Insurance Company, to his father, John H. Gode, Jr. The Nationwide policy provided uninsured motorist coverage in the amount of $20,000. There were two cars insured under the policy. We held that in determining whether the Dolan vehicle was underinsured, Christopher Gode could "stack" or aggregate the $20,000 of uninsured motorist coverage on each of the two vehicles insured under the Gode policy for a total of $40,000 of uninsured motorist coverage. Since there was $40,000 of uninsured coverage on the Gode policy as opposed to only $20,000 of liability coverage under the Dolan policy, we concluded that the Dolan vehicle was "underinsured," and permitted Christopher Gode to recover $20,000 damages under the uninsured motorist coverage contained in "the policy against which claim is made." We did not, as the claimant here seeks, "stack" or aggregate the uninsured motorist coverage on the Gode vehicles with the uninsured motorist coverage on the tortfeasor's vehicle in determining that the liability coverage was less than the uninsured motorist coverage.
 If, hypothetically, the policy insuring the Webber vehicle had $150,000 liability coverage and $150,000 uninsured/underinsured motorist coverage, and if the Annette Stevens policy had only $25,000 of uninsured/underinsured motorist coverage, the defendant's argument would still have us conclude that the Webber vehicle was underinsured. By adding the $150,000 of uninsured motorist coverage on the Webber vehicle to the $25,000 of uninsured/underinsured motorist coverage on the Annette Stevens vehicle, the uninsured motorist coverage would exceed the liability coverage by $25,000. This is clearly an untenable result and not within the contemplation of 38-175c (b)(2). CT Page 4093
The cases cited in Nationwide Ins. Co. v. Gode,187 Conn. 386 (1982) are all supportive of the argument that an injured person may aggregate any number of his own policies for purposes of an "underinsured motorist claim."
The Gode court relied on Safeco Ins. Co. v. Vetre,174 Conn. 329 (1978), for the rule that stacking of uninsured motorist coverages was allowed in uninsured motorist claims. The Vetre decision contains the following language:
 The principle appears to be established that if one who is a beneficiary under the uninsured motorist provision of multiple insurance policies suffers a compensable loss, he is entitled to payment of his loss from any or all of the insurance carriers within the limits of liability stated in their respective policies. . . .
Safeco Ins. Co. v. Vetre, 174 Conn. 329, 334 (1975).
Expanding on that established principle, the Gode court went on to say:
 A statute is to be construed by considering its legislative history, language, purpose and the circumstances surrounding its enactment. See Anderson v. Ludgin, 175 Conn. 545, 552, 400 A.2d 712 (1978), and cases cited therein. At the time of the enactment of 38-175c (b)(1) and (2), this court had already held that the stacking of uninsured motorist coverages was allowed where the insured was covered by two or more policies and was injured by an uninsured motorist. See Safeco Ins. Co. v. Vetre, 174 Conn. 329, 335, 387 A.2d 539 (1978); Roy v. Centennial Ins. Co., 171 Conn. 463, 475, 370 A.2d 1011 (1976); Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 451-52, 370 A.2d 1006 (1976); see also Yacobacci v. Allstate Ins. Co., 33 Conn. Sup. 229, 372 A.2d 987 (1976). "`This is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles. See also Tucker v. Government Employees Ins. Co., 288 So.2d 238 (Fla. 1973)." Safeco Ins. Co. v. Vetre, supra, 334. It is clear that the legislative intention CT Page 4094 behind 38-175c (c)(1) and (2) was "that uninsured motorists coverage also will extend to underinsurance situations." See comments of Joseph C. Mike, commissioner on insurance, Hearings before Joint Standing Committee on Insurance and Real Estate, 1979 Sess., pp. 81-82. We cannot find, nor have we been presented with, any logical reason why the defendants should not be allowed to stack or aggregate the uninsured motorist coverages in the underinsured motorist situation which is set out in the stipulation of facts in the reservation before us. See State Farm Mutual Automobile Ins. Co. v. White, 330 So.2d 858 (Fla.App. 1976); See also St. Arnaud v. Allstate Ins. Co., 501 F. Sup. 192 (S.D.Miss. (1980). "Where two premiums are paid for two vehicles whether in one policy or two, total coverage for the named insured is doubled since a person can reasonably expect double coverage when he pays double premiums." Yacobacci v. Allstate Ins. Co., supra, 231. See Sturdy v. Allied Mutual Ins. Co., 203 Kan. 783, 793, 457 P.2d 34 (1969); Hartford Accident Indemnity Co. v. Bridges, 350 So.2d 1379, 1381 (Miss. 1977); Southern Farm Bureau Casualty Ins. Co. v. Roberts 323 So.2d 536, 538 (Miss. 1975); Kemp v. Allstate Ins. Co., 601 P.2d 20, 24 (Mont. 1979); Grimes v. Concord General Mutual Ins. Co., 120 N.H. 718, 724, 422 A.2d 1312 (1980) (Douglas, J., dissenting) (and cases cited therein); Esler v. United States Services Automobile Assn., 273 S.C. 259, 263, 255 S.E.2d 676
(1979); Cunningham v. Ins. Co. of North America, 213 Va. 72, 79, 189 S.E.2d 832 (1972); but cf. 8C Appleman, Insurance Law and Practice 5106, p. 517; 8D Appleman, supra, 5192, p. 613. There is no question that if the Dolan vehicle had been uninsured, the defendants, under Safeco Ins. Co. v. Vetre, could have aggregated their uninsured motorist coverages in order to make a claim for up to $40,000. In order to avoid another "anomalous" situation like that noted in Roy v. Centennial Ins. Co., supra, 475, and Simonette v. Great American Ins. Co., supra 471, we hold that the legislature, in enacting 38-175c (b)(1) and (2) reasonably intended that underinsured motorist coverage be accorded treatment similar to that given to uninsured motorist coverage. Therefore, 38-175c must be interpreted to allow the defendants to stack the uninsured motorist coverages when determining their underinsured motorist benefits.
CT Page 4095
Nationwide Ins. Co. v. Gode, 187 Conn. 386, 395-97 (1982)
It is concluded that, inasmuch as the Stevens court did not give any indication that Gode was to be overturned, the doctrine of stacking still represents the public safety of Connecticut. The other cases cited by the defendant cannot be fairly said to provide much support for the argument that inter-policy stacking is now or ever was forbidden.
The defendant progressive has cited, in addition to Stevens, Travelers Insurance v. Kulla, 216 Conn. 390, 395
(1990). The Kulla case merely holds, like American Universal Ins. Co. v. DelGreco, 205 Conn. 175 (1987), that the calculations of standing under 38-175c must be made with a common-sense regard for the applicability of certain words and phrases. Thus the DelGreco court found that recovery under the Dram Shop statute was irrelevant to 538-175c, and the Kulla court found that a tortured interpretation of 38-175c (b)(2) which would have labelled as an "underinsured motor vehicle" a car not even involved in the accident (so as to permit recovery under the non-involved vehicles coverage) was; as absurd as it sounds. Kulla, 216 Conn. at 398. It is submitted the Kulla case offers no support to the defendant on the issue of inter-policy stacking here presented.
Similarly, the defendant's citation of Smith v. Nationwide Mutual Ins. Co., 214 Conn. 734. (1990) can hardly be helpful on the stacking issue; Smith turned on the question of whether the plaintiff, a passenger, could be termed an "insured" under the policy of the driver for purposes of a 38-175c claim. By contrast, the status of plaintiff Belliveau as an "insured" has not been contested here.
The defendant Progressive's argument here is based on an overboard reading of the Stevens holding and, though the defendant's reading of 38-175c (b)(2) has a superficial linguistic appeal, the policy of the state as expressed in Gode, and the cases therein cited is clear as to require the denial of the Motion for Summary Judgment. Accordingly the Motion for Summary Judgment is denied.
Stengel, J.