[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO CONFIRM AND APPLICATION TO VACATE ARBITRATION AWARD
Facts
The parties stipulated to the following facts, all of which the court finds: CT Page 10583
 1. The claimant, Henry J. Kremidas, was the named insured under the uninsured/underinsured motorist provisions of Policy No. PA1167979 issued by the respondent, The Shelby Insurance Company, which policy was in full force and effect on April 11, 1987.
 2. Said policy provided on April 11, 1987 uninsured/underinsured motorist coverage of $300,000 per person. Three vehicles were insured under said policy on said date, affording total uninsured/underinsured motorist coverage of $900,000 to the claimant, Henry J. Kremidas.
 3. On April 11, 1987, Henry J. Kremidas was involved in an automobile accident. Mr. Kremidas was a passenger in a vehicle owned by William T. and Maureen Moselski and said motor vehicle was being operated by Mr. William T. Moselski at the time and place of said accident.
 4. William T. and Maureen Moselski were the named insureds under the uninsured/underinsured motorist provisions of Policy No. 51D143631 issued by the respondent, Nationwide Insurance Company, which policy was in full force and effect on April 11, 1987.
 5. Said policy provided on April 11, 1987 uninsured/underinsured motorist coverage of $100,000 per person. Three vehicles were insured under said policy on said date, affording total uninsured/underinsured motorist coverage of $300,000 to the claimant, Henry J. Kremidas.
 6. Paul Fonseca, the tortfeasor, was underinsured on the date of said accident, having a policy of automobile insurance issued by the Nationwide Insurance Company with liability limits of $100,000.
 7. Paul Fonseca's policy limits of $100,000 were paid to Henry Kremidas and exhausted in settlement of his liability claim against him. The respondents are entitled to a credit for any award rendered in this case in the sum of $100,000.
 8. There are no other credits for the respondents as Henry Kremidas was required to reimburse his no-fault and medical provider liens.
CT Page 10584
In addition, the court finds the following:
 Each policy within its uninsured motorist (U.M.) provisions has an "other insurance" clause. The Nationwide policy clause reads as follows:
OTHER INSURANCE
If you have other insurance:
 1. For bodily injury suffered by an insured while occupying a motor vehicle you do not own, we will pay the insured loss not covered by other insurance, but only up to the amount of difference between limits under this coverage and limits provided by the other insurance.
 2. Except as stated in the preceding paragraph, in any occurrence in which other insurance similar to that provided in this coverage is available under a policy issued by another company, we will be liable for only our proportional share of the loss. This share will be determined by our proportion of the total insurance available. Total damages in any such occurrence will be considered not to exceed the highest limits available in any one of all policies applicable.
The Shelby policy clause reads as follows:
OTHER INSURANCE
 If there is other applicable similar insurance, we will not pay for any damages which would duplicate any payment made for damages under such similar insurance. However, any insurance we provide with respect to a vehicle you do not own, to which other similar insurance is applicable, shall be excess over such other applicable insurance.
Claimant did not own a car to which any of the coverage is applicable and thus only paragraph 1. of the Nationwide clause and the Shelby clause are applicable. Each clause is an "excess clause." Henry Kremidas' claim went to arbitration and the arbitration rendered the following decision on May 29, 1991:
 ARBITRATORS' DECISION IN THE MATTER OF HENRY KREMIDAS vs. NATIONWIDE INSURANCE COMPANY AND SHELBY INSURANCE COMPANY
CT Page 10585
This matter came before the arbitration panel on May 29, 1991 after a full hearing of the evidence offered by the parties. It is the decision of the arbitrators that the petitioner is entitled to recover the total sum of $135,000.00 as fair, just and reasonable damages.
On the issue of coverage afforded the respective respondents, it is the decision of the arbitrators that the Nationwide Insurance Company's and Shelby Insurance Company's policies should share payment of the total damages found as well as the credit for payment by the tort feasor of $100,000.00 proportionately in the following percentages:
Nationwide Insurance Company is responsible for paying 1/4 of the damages found or the sum of $8,750.00.
Shelby Insurance Company is responsible for paying 3/4 of the damages found or the sum of $26,250.00 Dated at Hartford, Connecticut this 29th day of May, 1991."
The Nationwide U.M. coverage was a total of $300,000 and the Shelby U.M. coverage was a total of $900,000 — a ratio of 1 to 3. The arbitrators found that the insurance companies should share the coverage on a pro rata basis and made Nationwide liable for "1/4 of the damages" and Shelby for "3/4 of the damages found." This is in a ratio of 1 to 3.
LAW
I. De Novo Review
In this matter, this court must conduct a de novo review of the interpretation and application of the law by the arbitrators. American Universal Ins. Co. v. Del Greco,205 Conn. 178, 191.
II. Interpretation of Coverage of Both Policies
All three arbitrators on the coverage issue found that the "other insurance" clause in each policy was to be treated pro-rata.
In a conflict like this where each party seeks to make its policy excess the best solution is to prorate the loss. Continental Ins. Co. v. Aetna Cas. and Sur. Co., 823 F.2d 708,711 (2nd Cir. 198).
This court does not believe that all of the language in the cases striking down "other insurance" clauses in UM coverage situations, e.g. Pecker v. Aetna Casualty Surety CT Page 10586 Co., 171 Conn. 443, is applicable to a contest, such as our present case, which is solely between the insurers. Cf. Eggleston v. Townsend, 326 F. Sup. 1212, 1218. It is now beyond question that such clauses are void as to the insured. Safeco Ins. Co. v. Ventre, 174 Conn. 329. They are not void as between the insurers.
An excess clause is one which provides that if there is other collectible insurance covering the loss the policy of the company which wrote the clause is applicable if the total loss exceeds the limits of the primary policy. 8A Appleman, Insurance Law and Practice 4906, 4908, 4909 and 4910.
Both of our clauses are "excess." Shelby by says that the question then is which is primary. Because they are in total conflict the best solution is to treat both as primary and prorate the loss. Atlantic Mutual Ins. Co. v. Trust Ins. Exchange, 797 F.2d 1288, 1294-9 5th Cir. (1986). Continental Can Co. v. Hartford Acc. Indem. Co., 28 Cal.Rptr. 606,609-612, 213 Cal.App.2d 78, (1963). In St. Paul Mercury Ins. Co. Underwriters at Lloyds of London, 365 F.2d 659 it was said,
 "The contracts do contain language contemplating, in the abstract, the existence of other insurance. Each company attempted to accomplish essentially the same thing in such an eventually, although different wording was used. Each sought to place itself in line after primary insurance had been exhausted, and so to protect the insured should such an eventuality come about. This is sufficient. It demonstrates that each had a sufficiently similar obligation to the insured that both should discharge it. This general purpose is disclosed by the policies, and is within the general intention of the parties . . . .
 St. Paul by its "other Insurance" clause did not place itself after Lloyds as it urges, nor did Lloyds make St. Paul primary insurance by the wording it used. Both companies undertook to provide excess coverage, and both were on an equal basis once the primary coverage was exhausted. There is no reason to distinguish between them."
The application to vacate the award is denied.
The application to confirm is granted.
N. O'NEILL, J. CT Page 10587