[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Prudential Property and Casualty Insurance Co. (Prudential), moves for partial summary judgment in this action by the plaintiffs to recover uninsured motorist benefits and declaratory relief. The motion raises the issue of whether Connecticut's former law regarding stacking of coverages applies to an automobile insurance policy issued in New Hampshire where the underlying accident occurred in Connecticut. CT Page 10268
There is no genuine dispute as to the following facts. On January 27, 1989, in Killingly, Connecticut, the plaintiffs were passengers in a car owned and operated by Michael Dominque. Dominque insured this car along with another vehicle under a policy issued by Prudential in New Hampshire. At that place and on that date, a drunk driver collided with Dominque's car injuring the plaintiffs. The drunk driver carried no insurance on his car. The plaintiffs also had their own automobile insurance with Nationwide Mutual Insurance Co. (Nationwide), a codefendant in this case. The parties agree that Prudential's liability is primary and Nationwide's is secondary.
The Prudential policy was issued in New Hampshire pursuant to an agreement between Prudential and Dominque which was entered into in New Hampshire. This policy contains two provisions of significance regarding this motion. First, the policy contains an antistacking clause which restricts the amount of uninsured motorist coverage to the limit assigned for any one car rather than aggregating the limits for both of Dominque's vehicles. Second, the policy contains a clause pertaining to extraterritorial travel, colloquially called a "deemer" clause, which reads, in pertinent part, as follows:
 "While you're in another state, territory or province of Canada, in which the laws require non-residents to carry higher limits or other coverages than those provided by this policy, the limits and coverages of this policy will change to meet the requirements of those laws."
This policy establishes a $100,000 per person limit for uninsured motorist coverage. If stacking were permitted in this case this limit would become $200,000 per person.
The plaintiffs and Nationwide contend that the deemer clause invoked the then-existing Connecticut law with respect to stacking which voided antistacking clauses. Prudential asserts that the antistacking clause was viable despite the location of the accident being in Connecticut. The court agrees with Prudential.
In considering the legal import of an insurance policy provision, the ultimate question is the intent of the contracting parties as evidenced by the language used in the policy. That inquiry entails an analysis regarding the coverage that the CT Page 10269 insured expected to receive and the coverage that the insurer expected to provide. Ceci v. National Indemnity Co.,225 Conn. 165, 172 (1993). Although intent is usually an issue of fact, the proper construction of an insurance policy presents a question of law. Peerless Insurance Co. v. Gonzalez, 241 Conn. 476, 483
(1997). If the words of the policy are plain and unambiguous, the language of the policy must be accorded its natural, untortured, and ordinary meaning. Id., 482.
Here, the out-of-state travel provision increases the limits and coverages under the policy to meet the minimum limits and coverages required by the jurisdiction in which the vehicle is being driven but only if those minimum requirements exceed the limits and coverages provided under the policy. The plaintiffs and Nationwide concede that the policy limits satisfy Connecticut's minimum requirements. They claim, however, that, at the time of the accident, Connecticut had "other coverage" requirements, viz. stacking, which the New Hampshire policy failed to meet.
This argument fails for the following reasons. First, "stacking" is not a type of coverage but a combination or aggregation of coverages of the same type. Cohn v. AetnaInsurance Co., 213 Conn. 525, 526 and 529 (1990). The court interprets the "other coverages" language of the out-of-state travel clause to refer to mandated types of coverage not thenumber of coverages of the same type depending on the number of vehicles or policies involved.
Second, stacking was not a minimum coverage requirement under Connecticut so as to trigger the deemer clause. No statute or regulation mandated stacking. Instead, antistacking clauses were construed as unauthorized by statute or regulation and, therefore, nugatory. Id. Regarding a policy clause as invalid or ineffectual is quite different than regarding the converse of that clause as a required coverage. The fact that, on the date of the accident, Connecticut prohibited antistacking clauses did not activate the out-of-state travel clause of the New Hampshire policy.
Third, even if the out-of-state travel clause applied, the antistacking clause remained valid. As noted above, former Connecticut law regarded antistacking clauses as unauthorized by statute or regulation and, therefore, invalid. Safeco Ins. Co. v.Vetro, 174 Conn. 329 (1978). The parties have agreed that New CT Page 10270 Hampshire insurance law countenances antistacking provisions. The out-of-state travel clause merely increases limits and types of coverage to meet the minimum requirements of the jurisdiction through which the car is driven. The deemer clause clearly does not incorporate or invoke all the insurance laws and regulations of such jurisdictions, just those which set forth higher limits or types of coverage beyond those required by New Hampshire law. New Hampshire law applied to this policy even though the car was traveling in Connecticut. Because New Hampshire law permits antistacking clauses, no stacking is allowed under the contract.
Finally, the basis for permitting stacking of coverages derives from the presumption that when an insured purchases uninsured motorist coverage on more than one vehicle, the insured intends to purchase extra protection. Cohn v. Aetna InsuranceCo., supra, 529 and 530. This presumption is absent in the present case, however, where the antistacking provision prominently and unequivocally states that the coverage is restricted to the limits established for one vehicle only. This is the contract provision to which the insured, Dominque, assented, and the presence of the clause belies the existence of any contrary intent. While former Connecticut law would ignore the effect of such a clause, New Hampshire law applies, and the presumption of extra protection evaporates.
The court concludes that the antistacking clause was intended by the contracting parties and remains valid despite the site of the accident. The motion for partial summary judgment is granted, and the court declares that Prudential's liability for uninsured motorist coverage under the policy is $100,000 per person.
Sferrazza, J.