[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
By agreement, the plaintiff and Allstate removed the case from the jury docket and stipulated to all relevant facts by the following stipulation of facts dated September 18, 1998:
1. On February 6, 1993, the plaintiff, Thomas Rhone was the operator of his motor vehicle, when he was involved in an accident at the intersection of Temple Street and Crown Street in New Haven, Connecticut.
2. The accident occurred when a U-Haul truck ran a red light and collided with the plaintiff's car.
3. The accident was solely the fault of the driver of the U-Haul truck.
4. The plaintiff made a claim and filed a lawsuit against U-Haul and against Franasco Marino (who was allegedly the driver of the U-Haul truck).
5. The plaintiff settled his claim and lawsuit against U-Haul for $20,000 and withdrew the lawsuit against U-Haul and Marino.
6. U-Haul paid the $20,000 settlement in compromise of the plaintiff's claim and lawsuit against it alleging that it was responsible for the accident, which lawsuit the plaintiff brought in good faith.
7. U-Haul was not in fact negligent, nor was it vicariously liable for the negligence of the drive of the U-Haul truck.
8. The full value of the plaintiff's claim for personal injuries and damages arising out of the accident with the U-Haul vehicle is $20,000. CT Page 11041
9. The vehicle occupied by the plaintiff at the time of the accident was insured by the defendant, Allstate, under a policy which provided aggregate uninsured motorist coverage of $60,000 per person, less any applicable setoffs or reductions allowable Allstate policy or the general statutes or regulations. (The Allstate policy is attached as Exhibit A.)
 ISSUE
Whether the defendant Allstate is entitled to a $20,000 set-off by virtue of the payment made to the plaintiff by U-Haul.
 DISCUSSION I
The plaintiff argues that because U-Haul was not negligent in the accident, it is not a responsible party and the money it paid is not a setoff against the plaintiff's recovery. This claim is derived from the policy language and the governing state regulations.
The pertinent policy language addresses the policy limits and defines an uninsured motorist vehicle:
 The limits of this coverage will be reduced by: 1. All amounts paid by the owner or operator of the uninsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy.
An uninsured motor vehicle is defined as:
 "(1) a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident. (2) a motor vehicle for which the insurance denies coverage or the insurer becomes insolvent."
The parties agree that the offending vehicle was uninsured. Section 38-334-6(d) of the Regulations of State Agencies reads in pertinent part:
 Limits of Liability. The limit of the insurer's liability may not be less than the applicable limits for bodily injury CT Page 11042 liability specified in subsection a of section 14-112 of the General Statutes, except that the policy may provide for the reduction of limits to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury . . . (Emphasis added).
The plaintiff argues that since U-Haul was not "responsible" for the accident, there can be no setoff in this case.
However, U-Haul did make the $20,000 payment on the plaintiff's complaint that the use was permissive, and there was no judicial determination either way. This is the way most liability cases conclude — a party rarely admits liability in the release and withdrawal of action situations.
Had U-Haul not asserted the lack of permissive use, the plaintiff would not be in a position to make this claim, illustrating a weakness in the logic of the plaintiff's premise.
It appears more reasonable and logical that Section 14-112
contemplated a broader definition of "responsible" — a definition including all who assume responsibility for a loss by making a voluntary payment.
 II
An examination of the cases cited by the parties also supports the defendant's position.
In Buell v. American Universal Ins. Co., 224 Conn. 766
(1993), our Supreme Court held that a payment made "by or on behalf of any person responsible for the injury" includes a payment by one not at fault. Id. 774. Buell involved a payment by a party which made a payment when sued, but in the arbitration which followed was found not to be at fault.
In reversing the trial court which had denied the setoff, the court referred to the public policy implications of the uninsured motorist statute.
 The public policy established by uninsured [underinsured] motorist statute is that every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured [underinsured] motorist had maintained a policy of liability insurance. Harvey v.CT Page 11043 Travelers Indemnity Co., 188 Conn. 245, 249, 449 A.2d 157
(1982); American Universal Ins. Co. v. DelGreco, supra, 197. It is a time honored rule that an injured party is entitled to full recovery only once for harm suffered. Peck v. Jacquemin, 196 Conn. 53, 70 n. 19, 491 A.2d 1043 (1985). An insured may not recover double payment of damages under overlapping insurance coverage. Pecker v. Aetna Casualty Surety Co., 171 Conn. 443, 452, 370 A.2d 1006 (1976)." (Internal Quotation marks omitted.) Rydingsword v. Liberty Mutual Ins. Co., 224 Conn. 8, 18, 615 A.2d 1032 (1992). Id., 774 and 775.
The plaintiff cites Mazziotti v. Allstate, 240 Conn. 799
(1997) to support his position. However, that case is distinguishable from the instant case and from Buell.
In Mazziotti, the carrier sought to assert a setoff for payments it had made in settlement of CUIPA and CUTPA claims. This payment was found not to have been made on behalf of a tortfeasor but on behalf of the insurer itself.
The court does not disagree with the Mazziotti result, but does not find it on point in this dispute. The payment in this case was made on behalf of a tortfeasor and in response to allegations of negligence.
 CONCLUSION
The court concludes that the Buell case is controlling and thus the defendant Allstate is entitled to the $20,000 setoff by virtue of the payment made by U-Haul.
Judgment may enter for the defendant.
Anthony V. DeMayo Judge Trial Referee