[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORADUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 130)
The plaintiff, Joseph Hanz, was injured as a pedestrian when two cars collided, resulting in striking the plaintiff. One car, driven by the defendant, Robin Munley, and owned by the defendant, Dragone Enterprises, was insured. The other car, driven by the defendant, Camelia Porto, and owned by the defendant, Rachael Davila, was uninsured. Munley and Dragone Enterprises settled with the plaintiff for $50,000. The plaintiff also sued his insurer, Government Employees Insurance Company (GEICO) for coverage under his policy for uninsured motorist benefits. The plaintiff's policy has a $20,000 limit for uninsured motorist benefits.
GEICO now moves for summary judgment on the ground that the coverage limit for an uninsured motorist under the plaintiff's policy has been reduced to zero by virtue of the $50,000 settlement with the insured defendants, Munley and Dragone Enterprises. GEICO has submitted a copy of the plaintiff's insurance policy together with a memorandum of law in support of its motion for summary judgment.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, ___ A.2d ___ (2000). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). The test is whether a party would be entitled to a directed verdict on the same facts. Id.
GEICO argues that the plaintiff's uninsured motorist coverage has been CT Page 8830 reduced to zero because of the $50,000 settlement with the insured defendants. GEICO further argues that the plaintiff's policy tracks the language of the regulations and allows for reduction of the uninsured motorist coverage by any amount "paid by or for all persons or organizations liable for the injury." (GEICO's Mem. Supp. Mot. Summ. J., p. 4.) Lastly, GEICO argues that the regulations and the language of the plaintiff's policy are in accordance with the public policy of providing a minimum level of compensation for an injured party. In response, the plaintiff argues that under Connecticut's comparative liability scheme, the settlement received by the plaintiff from the insured defendants is only for their portion of the negligence, and, therefore, receipt of benefits under the plaintiff's uninsured motorist coverage would not amount to double recovery. In reply, GEICO argues that the issue is not one of double recovery and the issue of apportionment of fault is irrelevant to whether the regulations allow for reduction of the uninsured motorist liability limit. In response, the plaintiff argues that he is entitled to receive the same amount of damages he would have received from the uninsured tortfeasor had that person been adequately insured.
Section 38a-334-6 (a) of the Regulations of Connecticut State Agencies provides in pertinent part:
 "The insurer shall undertake to pay on behalf of the insured all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured caused by an accident involving the uninsured motor vehicle . . .
Section 38a-334-6 (d)(1) further provides:
 "The limit of the insurer's liability may not be less than the applicable limits for bodily injury liability specified in subsection (a) of section 14-112 of the general statutes, except that the policy may provide for the reduction of limits to the extent that damages have been (1) paid by or on behalf of any person responsible for the injury . . .
Not only is the commissioner obligated to adopt regulations with respect to the minimum provisions to be included in the policy of insurance issued in this state; General Statutes § 38a-334; [the court] [presumes] that these regulations are an accurate reflection of the legislative intent articulated in the statute's more general language. Orkney v. Hanover Insurance Co., 248 Conn. 195, 203-04, CT Page 8831727 A.2d 700 (1999). Moreover, if a regulation has been in existence for a substantial period of time and the legislature has not sought to override the regulation, this fact, although not determinative, provides persuasive evidence of the continued validity of the regulation. Id. Section 38a-334-6 of the Regulations of Connecticut State Agencies took effect June 1, 1986.
Our Supreme Court has addressed this issue in the past and has held:
 "It is a time-honored rule that an injured party is entitled to full recovery only once for the harm suffered. . . . An insured may not recover double payment of damages under overlapping insurance coverage. . . .
 "With this background in mind, we consider whether § 38a-175-6 (d)(1) [now § 38a-334-6 (d)(1)], which permits an insurer to limit its liability by deducting amounts `paid by or on behalf of any party responsible for the injury,' allows an insurer to deduct a settlement payment from the damages owed to its insured. In light of the legislative intent to provide a certain minimum level of protection, but to prevent double recovery on the part of the insured, we conclude that an insurer may limit its liability by deducting a settlement payment from the damages owed to its insured. To hold otherwise would provide the insured a windfall by permitting duplicate payments for the same injury." Buell v. American Universal Ins. Co., 224 Conn. 766, 775, 621 A.2d 262 (1993); see also, Rhone v. Allstate Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 366487 (September 30, 1998, Demayo, S.T.R.) (22 Conn. L. Rptr. 615).
In Buell, the reduction of uninsured/underinsured motorist benefits was at issue.[1] In the present case, there are multiple tortfeasors, and an insured defendant who settled with the plaintiff. Nevertheless, Buell
is directly on point. Accordingly, GEICO can, as a matter of law, reduce its liability limit by any amount paid to its insured by a responsible party, whether that responsible party is the insured tortfeasor, or the uninsured tortfeasor.
Therefore, the $50,000 settlement received by the plaintiff should be credited to GEICO's liability limit for uninsured motorist coverage. The liability limit under the insurance policy is $20,000. The $50,000 CT Page 8832 settlement, therefore, reduces GEICO's uninsured liability limit down to zero.
Based on the foregoing, the court hereby GRANTS GEICO's motion for summary judgment.
MELVILLE, J.