[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] COURT ORDER RE: ADDITIONAL BRIEFS ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The court seeks additional briefs on the motion for summary judgment. Said briefs are to address the following issues or questions.
1. Defendant suggested at oral argument that the relevant CT Page 7523 policy provision has identical language to the permissive regulation. Defendant should submit, on a single page, both or all of said provisions to facilitate comparison.
 2. Defendant should submit a copy of the policy with yellow highlighting of the relied-upon provisions. They should be in the order in which they appear in the policy. In part, this confusion on the court's part stems from the fact that defendant's Exhibit B is partially a duplicate of its Exhibit A. Does not the language of Section 38-175a-6(d), now apparently, 38a-334-6, address the limit of liability rather than "coverage"?
 2a. Does the following case make that distinction or blur it? Hanz v. Dragone Enterprises, No. CV98 0350501, 2000 Ct. Sup. 8829, 27 CLR 547.
 3. If the language of the foresaid regulation indeed addresses ultimate liability, is it fair to say that this regulation merely allows only what plaintiff seems to concede, i.e., a reduction by $450,000 of any verdict which exceeds said amount?
 4. If a verdict were to be awarded in the amount of $500,000 and defendant were to be credited with a set-off of $450,000, what part of that "extra" or residual $50,000 would represent a "duplicate payment for the same elements of loss" (in the language of the policy)?
 5. Was the underlying accident a single impact with plaintiff or was it multiple?
 6. Please submit further factual material not in dispute, re: the settlement with the insured tortfeasor, e.g., was that coverage "exhausted?"
7. Plaintiff's last assertion in his original brief seems to suggest he feels that no $450,000 set-off is to occur. At oral argument, the court believes that plaintiff concedes that plaintiff must achieve a jury verdict in excess of $450,000 in order to recover that excess out of defendant's $200,000 uninsured motorist CT Page 7524 coverage. Which is the plaintiff's position?
Please advise if there is any problem with these briefs being due, simultaneously, no later than August 15, 2001.
The Court
By Nadeau, J.